## HANNA MINING CO. *v.* STATE TAX
## COMMISSION

Mr. Frank H. Spears, Portland, argued the cause and submitted a brief for plaintiff.

Mr. Alfred B. Thomas, Assistant Attorney General, Salem, Oregon, argued the cause and submitted a brief for defendant.

Decision for plaintiff June 13, 1966.

EDWARD H. HOWELL, Judge.

Plaintiff as a sublessee is engaged in mining nickel ore deposits near Riddle, Oregon, under a lease from a California mining corporation, the owner of the fee interest in the mine. Plaintiff's deduction of a percentage depletion for the years 1957, 1958 and 1959 was disallowed by defendant.

The parties have stipulated that the issue is whether a sublessee of a metal mine is entitled to a deduction for percentage depletion under ORS 317.290 or whether the right to the deduction is restricted solely to the fee owner of the mine. In deciding this issue it does not appear from the briefs that the parties attach any legal significance to whether plaintiff is a lessee or sublessee.

ORS 317.290, of Chapter 317, Corporation Excise Tax, provides in part:

"Depletion. (1) In computing net income there shall be allowed as a deduction, in the case of mines, oil and gas wells, and other natural deposits, except in the case of metal mines as provided in subsection (3) of this section, a reasonable allowance for depletion according to the peculiar conditions in each case. * * *

"* * * * * *

"(3) In the case of metal mines, a taxpayer may deduct an amount equal to 15 percent of the gross income from the property during the taxable year * * *."

■ It would appear that the statute itself clearly allows the deduction to the plaintiff. The statute does not restrict the deduction to an "owner;" it allows the deduction to the "taxpayer." Plaintiff is a corporate taxpayer, is engaged in the operation of a metal mine and has a gross income from such operation. There

is nothing in the statute making the plaintiff ineligible for the depletion allowance.

The defendant contends that the corporation excise tax regulations prohibit a corporate lessee from receiving the depletion deduction.

■ The statutory allowance of a deduction for percentage depletion for metal mines was first enacted in the Corporation Excise Tax Law by Or L 1939, ch 489, § 4(g). In 1940 the defendant issued its corporation excise tax regulations and in the regulation pertaining to percentage depletion allowances for metal mines, Art 308-g, stated: "In the case of leases the depletion allowance may be equitably apportioned between the lessor and lessee in any manner which in the opinion of the commission is reasonable according to the facts in the particular case." This regulation existed until 1953. From 1953 to 1964 the regulations referred to the statutes and regulations under the Personal Income Tax Act of 1953. In the 1964 excise tax regulations, Reg 317.290 merely states that: "Regulations under ORS 316.355(4) [the Personal Income Tax statute pertaining to depletion of metal mines] will be followed."

The Reg 316.335(4) for ORS 316.335(4) makes no mention of lessors and lessees of metal mines but ORS 316.335(5) states: "In the case of leases, the allowable deduction specified in this section may be equitably apportioned between the lessor and lessee."

The 1965 corporate excise tax regulations do not mention depletion.

Thus, from 1940 to 1953 the defendant's own regulation, Art 308-g, 1940 corporation excise tax regulations, specifically provided for a depletion deduction by a corporate lessee. From 1953 to 1964 the corporation excise tax regulations on depletion refer to the

Personal Income Tax statute on depletion, ORS 316.335(4) which is silent on the rights of lessees, but the following subsection, ORS 316.335(5) recognizes the rights of the lessee. It would appear that the defendant, after having allowed depletion to a corporate lessee for 13 years, would now allow it to an individual lessee and deny it to a corporate lessee.

This court cannot agree with the defendant's argument that this change in the corporation excise tax regulations was intended to deny the depletion allowance to a corporate lessee.

██ *Lynch v. Alworth-Stephens Co.*, 267 US 364, 45 S Ct 274, 69 L ed 660 (1923), supports plaintiff's position. In that case the Supreme Court of the United States held that a lessee of an iron mine was entitled to depletion under a federal statute which provided "in the case of mines a reasonable allowance for depletion thereof." The statute did not mention the rights of lessees to depletion and the government contended that the lessee was ineligible. The court held that the lessee had a "very real and substantial interest" in the mineral deposits and that such an interest was "property" under the statute.

The court also stated:

"The general provision in § 12 (a), second, is that the deduction from gross income shall include a reasonable allowance for the 'exhaustion . . . of property.' There is nothing to suggest that the word 'property' is used in any restricted sense. In the case of mines, a specific kind of property, the exhaustion is described as depletion, and is limited to an amount not exceeding the market value in the mine of the product mined and sold during the year. *The interest of respondent under its leases in the mines being property, its right to deduct a reasonable allowance for exhaustion of such prop-*

erty, if there be any, during the taxable year, re-sults from the plain terms of the statute, such deduction, since the property is an interest in mines, to be limited to the amount of the exhaustion of respondent's interest caused by the depletion of the mines during the taxable year. We agree with the circuit court of appeals (294 Fed. 194) that 'the plain, clear, and reasonable meaning of the statute seems to be that the reasonable allowance for depletion in case of a mine is to be made to everyone whose property right and interest therein have been depleted by the extraction and dispo-sition "of the product thereof which has been mined and sold during the year for which the return and computation are made." *And the plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, hidden sense that nothing but the exigency of a hard case and the ingenuity and study of an acute and powerful in-tellect would discover.'* " (Emphasis supplied.) 69 L ed at 662.

The plaintiff is entitled to the percentage depletion deduction.

The parties have stipulated that the prevailing party will recover costs.