## HULT LUMBER & PLYWOOD CO. *v.*
## DEPARTMENT OF REVENUE

Stan G. Potter, Butler, Husk and Gleaves, Eugene, Oregon, represented plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision for plaintiff rendered September 5, 1969.

EDWARD H. HOWELL, Judge.

Plaintiff appeals from the Department of Revenue's opinion and order which held that the department was without jurisdiction to hear plaintiff's petition involving the true cash value of plaintiff's inventory of felled and bucked logs for the assessment

date of January 1, 1967. The Department of Revenue denied jurisdiction for the reason that plaintiff had failed to appeal the Lane County Department of Assessment and Taxation's valuation of the inventory to the Lane County Board of Equalization as required by ORS 309.100.

On or about March 2, 1967, the plaintiff filed its Lane County personal property tax return for the tax year 1967-68. On the return the plaintiff valued the felled and bucked timber at $144,980. The plaintiff enclosed a duplicate copy of the return with the original. By custom the Lane County Department of Taxation and Assessment would fill out the duplicate by placing values on the various items of personal property reported on the form and return it to the taxpayer. The county department did so in this case and placed a value of $144,980—the same value reported by the plaintiff—on the felled and bucked logs and returned the form to the plaintiff. Later, however, the Lane County Department of Assessment and Taxation increased the value of the logs on the assessment roll to $189,120.

The plaintiff contends that it did not know of the change in value of the logs until November, 1967, when it received its tax statement for the year. The plaintiff contends also that it relied on the value of $144,980 placed on the logs on the duplicate copy of the return which had been mailed to the plaintiff. As a result the plaintiff did not appeal the increased value of the logs to the board of equalization pursuant to ORS 309.100 which requires a taxpayer who is dissatisfied with the true cash value placed on his property by the assessor to file a petition requesting a reduction with the county board of equalization which meets in May of each year.

The state Department of Revenue contends that as the plaintiff failed to appeal to the board of equalization it was without jurisdiction to hear the appeal under ORS 306.515 which provides for appeals from orders of the board of equailzation to the tax commission (now Department of Revenue).

The plaintiff argues that the defendant had jurisdiction to hear the appeal under ORS 306.520 which allows a taxpayer "aggrieved by an act or omission of a county assessor or tax collector which affects his property and for which there is no other statutory remedy" to appeal to the Department of Revenue within the time specified in the statute.[①]

A witness for the Lane County Department of Assessment and Taxation who testified for the defendant stated that after returning the duplicate form to the plaintiff another copy of the return was prepared showing the change in value of the logs to $189,120 and that the second copy was mailed to plaintiff. The plaintiff's secretary-treasurer and office manager who handled all tax matters for plaintiff stated, however, that the second copy of the return was not received by his office. The defendant could not produce any proof of mailing such as a copy of a letter of transmittal or registered receipt. In view of plaintiff's statement that it was not received, the proof of mailing of the second copy is insufficient.

[①] The plaintiff makes the alternative argument that it was entitled to appeal under ORS 308.280 which requires the assessor to give notice whenever he increases the unit valuation of personal property valued uniformly throughout the county on a unit basis. In the event of failure to give notice the taxpayer may appeal to the state Department of Revenue without first appealing to the board of equalization. The decision herein that plaintiff was entitled to appeal under ORS 306.520 makes it unnecessary to decide whether plaintiff was entitled to appeal under ORS 308.280.

■ The action of the Lane County Department of Assessment and Taxation in returning a duplicate copy of plaintiff's personal property tax return showing the value of plaintiff's logs as determined by that office to be the same amount as reported by plaintiff and upon which plaintiff relied and failed to appeal to the board of equalization constituted "an act or omission of a county assessor * * * which affects his property and for which there is no other statutory remedy." Consequently plaintiff was entitled to appeal under ORS 306.520.

The case, *T & R Service v. Commission*, 3 OTR 271 (1968), cited by defendant, is not applicable. There the plaintiff failed to appeal a subsequent tax year while an appeal for the previous tax year was pending before the commission. The taxpayer contended that it had no notice of the valuation placed on the roll for the subsequent year. This court held that the plaintiff had a duty to inspect the assessment roll and appeal the subsequent year's valuation to the board of equalization. In the instant case the plaintiff received notice of the original valuation placed on the log inventory but did not receive notice of the changed valuation until November when it was too late to appeal to the board of equalization.

The remaining issue concerns the true cash value of plaintiff's log inventory. This issue was not decided by the defendant because it found it did not have jurisdiction. The parties stipulated at the trial that this court should decide the valuation of the log inventory instead of remanding the issue to the defendant for decision.

In reporting the value of $144,980 for the inventory of the felled and bucked logs on hand as of Janu-

ary 1, 1967, the plaintiff used the actual scale of the logs in the woods. Plaintiff reported a total of 4,497,000 board feet of Douglas fir, hemlock and red cedar and used the camp run log values determined by the department for that portion of Lane County where the logs were located. The plaintiff then deducted $27.00 per M for the unincurred logging costs to find the true cash value of the inventory.

After the plaintiff filed its personal property tax return showing the log values determined on the basis mentioned above, the defendant instructed the county Department of Assessment and Taxation that the logs should not be valued on a camp run basis as they had been in the past, but instead should be valued on a graded basis.

The primary dispute between the parties as to the value of the logs centers around the grades and the amount to be allowed for unincurred logging costs. The county Department of Assessment and Taxation found a range of $11.00 per M to $39.00 per M for logging costs for Lane County and adopted the amount of $27.00 per M for logging costs for all of the county.

The plaintiff's treasurer testified that when he filed the 1967 personal property tax return he realized that the values for camp run logs were less than the values for logs on a graded basis. He also believed that $27.00 per M, the amount allowed by the Lane County Department of Assessment and Taxation for unincurred logging costs, was less than plaintiff's actual logging costs. However, when camp run values were used for the logs plaintiff accepted the $27.00 per M deduction for unincurred logging costs because the resulting net value closely approximated the true cash value of plaintiff's log inventory.

The plaintiff contends that the amount of $27.00 per M logging costs is unrealistic for plaintiff's costs and that instead of using a blanket amount of $27.00 per M the costs should be determined on an individual basis for each operator. The plaintiff contends that its logging costs for logging the subject logs amounted to $35.98 per M.

Regarding the method of determining logging costs the opinion and order of the department in this case states:

"* * * The valuation of felled and bucked logs in the woods requires an individual determination of the costs incurred in transporting the particular logs involved from their location in the woods to a conversion center. Consequently, values vary from taxpayer to taxpayer. * * *"

In order to establish that the originally reported value of $144,980 substantially represented true cash value of the logs, the plaintiff recomputed the value of the logs on a graded basis for the fir but used camp run prices for the hemlock and red cedar because the condition of the logs did not justify a higher grade and price and computed the logging costs at $35.98 per M. Using this method the evidence showed the true cash value of the log inventory to be $133,465.

■ The plaintiff has sustained the burden of proof as to the amounts and grades of the logs involved and the logging costs. The plaintiff's complaint alleges that the true cash value of the log inventory was $144,980 and this amount is found to be the true cash value of the log inventory as of January 1, 1967.