STATE FINANCE CO., an Oregon Corporation and
WILLIAM B. WEBBER, Joint Venturors, dba BEND
PLAZA *v.* DEPARTMENT OF REVENUE

Kenneth A. Holmes, Salem, represented plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, represented defendant.

Decision on stipulated facts for defendant rendered November 22, 1974.

CARLISLE B. ROBERTS, Judge.

In its Order No. VL 74-20 (dated January 31, 1974), the defendant Department of Revenue denied the plaintiffs' appeal on the ground that the defendant was without power to take affirmative action because the plaintiffs had not exhausted their administrative remedies. The plaintiffs have appealed that decision to this court, pursuant to ORS 306.545.

The facts are undisputed. As of the assessment date, January 1, 1972, the County Assessor of Deschutes County, Oregon, had assessed certain real property in Deschutes County owned by the plaintiffs in fee simple, the property being described as Assessor's Account No. 171233CB and Tax Lot No. 10000, Code 1-1. The assessed value of the improvements on the land was set by the assessor at $450,000. Seeking to reduce the assessment, plaintiffs duly petitioned the county board of equalization in May 1972 (pursuant to ORS 309.100), and then appealed to the Department of Revenue (pursuant to ORS 306.515). A hearing before the department concerning the 1972-1973 assessment was held on November 15, 1972 (pursuant to ORS 306.525). It is incumbent upon the department to enter its order upon the hearing by the end of 12 calendar months following the month in which the appeal to the department has been taken, otherwise the petitioner may treat the appeal as denied. (ORS 306.537.) In fact, the Department of Revenue issued its Order No. VL 73-307, reducing the value of the plaintiffs' improvements to $323,900, on September 12, 1973.

Following the hearing of November 15, 1972, and before the issuance of defendant's Order No. VL 73-307 on September 12, 1973, plaintiffs failed to take any steps to protect their position regarding the assessed valuation of the improvements for the following tax year, 1973-1974.

During the hiatus following the hearing on the 1972-1973 value, held November 15, 1972, and before the issuance on September 12, 1973, of defendant's Order No. VL 73-307, it was incumbent upon the county assessor to prepare the assessment roll for 1973-1974, showing the true cash value of each item of taxable property as of January 1, 1973. (ORS 308.210.) It was the duty of the county assessor to turn the completed assessment roll over to the county board of equalization on or before the second Monday in May of 1973. (ORS 309.060.) After the first day of May 1973, the assessor no longer had authority to make changes in the roll. (ORS 308.242.) He was required, if requested by the owner after May 1, to provide a signed statement giving the assessed value of any property. (ORS 308.282.)

It can be assumed that the County Assessor of Deschutes County knew of the pending appeal relating to the subject property, as to which a hearing had been held on November 15, 1972. However, as of January 1, 1973, the assessment date for the tax year 1973-1974, and prior to the delivery of the assessment roll to the county board of equalization in May 1973, the county assessor had no cause to change his assessed value of subject property as of January 1, 1972. He continued it on the assessment roll as of January 1, 1973. In the normal course, the tax collector is assumed to have delivered tax statements for 1973-

1974 by mail on or before the first day of November 1973 (ORS 311.250). It is assumed that the plaintiffs received such a statement, apprising them that the assessor's valuation of the improvements upon their real property, assessed at $450,000 for the tax year 1972-1973, was assessed again in that amount for the 1973-1974 tax year. In any event, the plaintiffs filed a petition with the defendant Department of Revenue on December 14, 1973, relying upon ORS 306.520 and 309.090, petitioning the department to grant the same relief for 1973 as had been granted for 1972 in the department's Order No. VL 73-307, dated September 12, 1973.

ORS 306.520, upon which the plaintiffs relied as a basis for jurisdiction for affirmative action by the defendant upon the petition of December 14, 1973, is a measure provided by the legislature to give the right to file a petition with the Department of Revenue to

"(1) [a]ny taxpayer aggrieved by an act or omission of a county assessor or tax collector which affects his property *and for which there is no other statutory remedy* * * *." (Emphasis supplied.)

The taxpayers here are aggrieved because the assessed valuation placed upon the subject property by the assessor as of January 1, 1973, was the same as that placed on the property by him as of January 1, 1972 (as to which an order of the defendant was then pending). Plaintiffs' statutory remedy, plainly, was to utilize the appeal to the county board of equalization (ORS 309.100) and, if deemed necessary, the petition for review of the county board's order by the Department of Revenue, which was familiar to them and which they had followed with regard to the assessment of January 1, 1972.

The concept implicit in plaintiffs' appeal to this court is that, under the facts of this case, plaintiffs had no responsibility to protect their 1973-1974 assessment on the subject property while the appeal to the defendant was pending, inasmuch as there was a statutory duty that they be given notice of such continuation of value by the county authorities, and such notice was never given. At the same time, plaintiffs argue, in their brief, at 6, that "* * * [p]laintiff, however, has never contended that prior to the September 12, 1973 ruling by the Department of Revenue which lowered the previous [1972-1973] year's assessed valuation there was any requirement incumbent on the county assessor to give notice. * * *"

In its petition to the defendant, plaintiffs relied on ORS 309.090. In the opinion accompanying the defendant's Order No. VL 74-20, the defendant pointed out that ORS 309.090 requires that county boards of equalization give taxpayers five days' notice before increasing property assessments but, inasmuch as the board of equalization had not acted in any way to increase the assessment of the subject property or to make an omitted property assessment, ORS 309.090 could not be applicable.

In its appeal to this court, the plaintiffs argue that, according to ORS 308.280 (1)(a), a taxpayer is entitled to notice of any increase in the assessment of real property whenever such assessed valuation is more than $400 or five percent, whichever is greater, over the assessed valuation of the preceding year. Further, they argue, pursuant to ORS 308.280 (6), if a taxpayer has received no notice of the increase in the assessment, it may appeal directly to the Department

of Revenue in the manner provided for in ORS 306.-520. Then, plaintiffs argue (at 5 of their brief):

"* * * that as a matter of law, when its property tax assessment for the tax year 1972-73 was reduced on September 12, 1973 by the Department of Revenue *there automatically occurred a simultaneous increase in the property tax assessment made by the Deschutes County Assessor* for the tax year 1973-74, which increase was more than $400 or 5% of the assessed valuation for the previous year and therefore notice was then required to be given to plaintiff by the provisions of ORS 308.280 (1)(a). It is unquestioned that plaintiff received no such notice and subsequently petitioned the Department of Revenue for relief prior to December 15, 1973 as provided for by ORS 308.280 (6)." (Emphasis supplied.)

ORS 308.280 provides for notice to be given by the assessor in certain cases.[1] Prior to the enactment of

---

[1] ORS 308.280:

"(1) Whenever, in any year, the county assessor:

"(a) Increases the assessed valuation of any separate assessment of real property more than $400 or five percent, whichever is greater, over the assessed valuation of the preceding year, * * *

"* * * the assessor shall give notice of the increase in valuation as provided in this section.

"* * * * *

"(4) The notice with respect to real property increases shall include the valuations for the preceding and current years showing separately the valuation as prescribed by paragraphs (d), (e) and (f) of subsection (1) of ORS 308.215. Notice shall be made by mail in the manner provided in subsection (5) of this section.

"(5) Notices required by subsections (3) and (4) of this section shall be mailed not later than the first Monday in May to the person to whom the property is assessed at the address appearing in the tax records. * * *

"(6) A taxpayer complaining of such increased assessment may petition the county board of equalization as provided in

ORS 308.280 in 1951 (Or Laws 1951, ch 518, § 2), the Oregon taxpayer was expected to take unilateral affirmative action prior to the May meeting of the county board of equalization if he wished to know the current assessed value of his property and he was not notified even if the assessor determined and entered a substantial increase in value. ORS 308.280 was enacted to require the county assessor to give warning if the increase in value of real property was more than $100 (increased to $400 by Or Laws 1967, ch 293, § 9) or five percent, whichever is greater, "over the assessed valuation of the preceding year."

In the present case, the county assessor (and his staff), reviewing the official assessment roll for 1972-1973, did not seek to increase the assessed valuation of the subject property for 1973-1974, here in question. The assessor and his staff members may have known that a hearing before the Department of Revenue had been held on November 15, 1972, respecting the value of the property as of the preceding January 1, 1972, but it is certain that he could have had no information as to the determination eventually to be made by the Department of Revenue thereon. In the meantime, it was his duty to mail out notices of additional assessments prior to the first Monday in May 1973. He left the assessment of the subject prop-

ORS 309.100. The failure to give any notice as provided for in this section shall not invalidate the assessment, and in such case the taxpayer, without having first petitioned the county board of equalization, may appeal directly to the Department of Revenue in the manner provided in ORS 306.520, or to the small claims division of the Oregon Tax Court as provided in ORS 305.515 to 305.555. The appeal must be filed not later than December 15 of the year of assessment. Orders of the Department of Revenue are subject to appeal as provided in ORS 306.545 to 306.560."

erty *unchanged*; at least, the record is clear that no action was taken to make a change.

Following the period in which the 1973-1974 tax year's notices ordinarily sent by the assessor pursuant to ORS 308.280 had elapsed, the assessment roll was completed and turned over to the county board of equalization, corrected, and returned to the assessor and the assessment roll extended, but just prior to the time of delivery of the roll to the tax collector, the Department of Revenue made its determination as to plaintiffs' petition for the tax year 1972-1973 and, on September 12, 1973, issued the order which reduced the valuation of the subject property for that year in a substantial amount. Plaintiffs, ingeniously (perhaps ingenuously) contend that *at that moment* ORS 308.280 became applicable as to the subject property. As stated above, in Plaintiffs' Brief, at 5, "* * * there automatically occurred a simultaneous increase in the property tax assessment made by the Deschutes County Assessor for the tax year 1973-74, which increase was more than $400 or 5% of the assessed valuation for the previous year and therefore notice was then required to be given to the plaintiff by the provisions of ORS 308.280 (1)(a). * * *"

In its Reply Brief, at 7, plaintiffs argue further: "* * * In this factual situation there was an actual increase by the county assessor just as much as if he had increased the assessment in the more normal pattern. * * *"

█ Plaintiffs' proposed rule or solution cannot be found in the statutes and it is unsupported by authority. It smacks of the acute and agile mind and

the "hard case."[2] This *is* a hard case and the court understands plaintiffs' plea (Reply Brief, at 3) that "* * * [w]hat plaintiff is seeking is a modification of present judicial interpretation of the statutory appeal procedures * * *"—a "progressive, judicial decision * * *." (Reply Brief, at 4.)

A careful review of the statutes reveals a minutely detailed procedural system, imposing numerous and detailed duties upon the assessor and balancing these impositions with many requirements solely designed for the protection of the taxpayer (often at great expense to the taxing entity; i.e., at great expense to the taxpayers as a whole). The degree of protection sought by the plaintiffs in the present suit has not been reached in the statutes as of this time. For the court to accept the plaintiffs' challenge would cause it to engage in an illegal assumption of the legislative power.

The well-established and necessary doctrine that each tax year "stands on its own feet" is applicable to this suit. Plaintiffs' failure to protect its current assessments while engaged in contesting a prior year's assessment of the same property is unusual but it has occurred. *T & R Service v. Commission,* 3 OTR 271 (1968); *Mittleman v. Commission,* 2 OTR 105 (1965).[3] The decisions in those cases are applicable

[2] "* * * [T]he plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, hidden sense that nothing but the exigency of a hard case and the ingenuity and study of an acute and powerful intellect would discover." *Lynch v. Alworth-Stephens Co.,* 267 US 364, 45 S Ct 274, 69 L Ed 660 (1925), quoted in *Hanna Mining v. Commission,* 2 OTR 389, 393 (1966).

[3] The defendant's Order No. VL 74-20 states: "The Petitioner [plaintiffs herein] appealed the assessment of this same property for the tax year 1972-1973. The Department acknowledged receipt of that petition with a form letter which advised the

hereto. (*See also* 9 Will LJ 193, 239 (1973).) The decision in *Hult Lumber v. Dept. of Rev.,* 3 OTR 507 (1969), cited by plaintiffs, is distinguishable.

The defendant's order is affirmed.

---

Petitioner that the decision of the Department would affect only the assessment for the year under appeal and appeals relating to the assessment for subsequent years would have to be taken at the proper time for such years. * * *" This caveat may have been based upon the decisions in these two cases.