CARL N. BYERS, Judge pro tempore.
 

 
 *[409]
 
 Plaintiff is the owner of land and improvements commonly known as The Atrium Building in Eugene, Oregon. Plaintiff appealed the January 1, 1977, assessed value of the property to the Department of Revenue ("department”). Plaintiff failed to appeal timely the assessed value of the property for the subsequent assessment date of January 1,1978, although no decision had been received on the 1977 appeal. The decision of the department on the 1977 appeal was issued in July of 1978. At that point in time it was too late for plaintiff to appeal the 1978 value under the normal appeal procedure. However, plaintiff petitioned the department to correct the 1978 assessed value under the provisions of ORS 305.285. In response to plaintiff’s petition, the department conducted a hearing and then issued its Order No. VL 79-336, dated June 7, 1979, establishing the true cash value for the property as of January 1, 1978. Such decision was adverse to plaintiff and plaintiff appealed to this court.
 

 Because the department raised the question of the scope of review by this court, the parties have stipulated that the initial hearing in this matter should be limited to interpreting ORS 305.285 with regard to the scope of review by this court. (It is the belief of the parties that if the scope of review is limited to determining whether the department had abused its discretion, an evidentiary hearing on the true cash value of the subject property is unnecessary.)
 

 The particular statute in question, ORS 305.285, enacted by the 1977 legislature provides as follows:
 

 "Whenever any property tax matter is appealed to the Department of Revenue, Oregon Tax Court or Supreme Court, and during the pendency of the appeal, no appeal is filed for a subsequent year or years, the taxpayer may, on or before December 15 of the year in which a final determination is made by the last body or tribunal to pass on the matter or within six months of such final determination, whichever is later, request the department to order the officer in charge of the rolls for the
 
 *[410]
 
 intervening years to correct all tax and assessment rolls for those years with respect to the property affected by such final determination. The department may require a hearing and the submission of evidence necessary to determine the correction, if any, that should be made for each intervening year' in view of the holding in such final determination. Notwithstanding any time limit in ORS 311.205, the department shall order such correction as it deems necessary.”
 

 For purposes of clarity, it may be well to outline the positions of the parties. The department contends that the above statute is not part of the "normal” or "regular” appeal procedure. The department views the statute as a special relief statute granting it discretionary authority to adjust the value of the property. It focuses upon the fact that the taxpayer is not entitled to a hearing and that the "request” made by the taxpayer is not an "appeal” or a "petition.”
 

 On the other hand, plaintiff contends that action by the department can fall into one of two categories. First, plaintiff states that it is discretionary as to whether the department will make a change in the value of a property when based solely on the facts set forth in a taxpayer’s request. Plaintiff "concedes” that review of this action is limited to the abuse standard. However (if the court understands plaintiff’s contention), if the department makes a decision based upon additional evidence or facts obtained in a hearing, then review of the department order issuing as a result of that request would be de novo in this court.
 

 Discerning the collective legislative intent is a great exercise in amorphous political divination. Like the age-old question of whether feeling confused is love, if you have to ask about legislative intent, then it probably is not. Here, there are only wisps of evidence concerning the legislative intent in the main, yet it appears clear to everyone concerned. That is, the purpose of the statute is to rescue those who are inattentive to the technicalities of the rules for appealing property tax assessments. Put another way, the legis
 
 *[411]
 
 lature wishes to rescue the taxpayer who, distracted by the heat of battle on the front, fails to protect the rear where the assessor continues to place annual assessments upon the property.
 
 See,
 
 for example,
 
 Domogalla et al v. Dept. of Rev.,
 
 7 OTR 242 (1977),
 
 aff'd
 
 283 Or 377, 584 P2d 256 (1978), and
 
 State Finance Co. et al v. Dept. of Rev., 5 OTR
 
 651 (1974).
 

 Granted that the primary rule of construction is to ascertain the intent of the legislature, the court is also guided by the well-established rule that remedial statutes are to be liberally construed.
 
 Columbia River Packers v. Appling,
 
 232 Or 230, 375 P2d 71 (1962). This rule is particularly apropos in this case since it appears that the intent of the legislature was to rescue the taxpayer from technicalities, not to add to them.
 

 Defendant contends that the statute is essentially a grant of discretion which limits the scope of review by this court. Defendant also argues that the grant is similar to that found in ORS 307.475, commonly known as the hardship statute. The hardship statute is distinguishable since there the director, "in his discretion,” is to determine whether a failure to seek exemption was for "good and sufficient cause” and whether the relief should be granted on the grounds "of hardship.”
 
 Rogue River Pack. v. Dept. of Rev.,
 
 6 OTR 293, 302 (1976). Here there is no such express grant of discretion. Rather, the "department” is directed to "order such corrections as it deems necessary.” Determining the value or tax status of property is not an exercise of discretion, but a determination of fact. By using the words "deems necessary,” the legislature did not imbue the department with power to ignore or override the other statutes which specifically deal with such matters. The department’s authority and discretion in reviewing requests under ORS 305.285 are no broader or greater than under ORS 305.115.
 

 Viewing ORS 305.285 as an additional appellate procedure does not emasculate the "normal” steps of
 
 *[412]
 
 appeal. A taxpayer may still continue to file a protective appeal for each year pending the outcome of the original case. It is possible, of course, that a taxpayer might intentionally fail to protect his appellate rights each year with the intent of relying upon de novo review of any orders issued under ORS 305.285. However, this does not detract from the more traditional method. Perhaps everyone would benefit from such a procedure since it would avoid the time and expense of filing and processing a protective appeal each year until the final outcome of the original case.
 

 ORS 305.425(1) provides:
 

 "All proceedings before the court shall be original, independent proceedings and shall be tried without a jury and de novo.”
 

 If the department issues an order under ORS 305.285 establishing the value of property for any year, the above-quoted statute mandates that the review of such order be de novo. This view is consistent with the overall appeal scheme.
 

 The court therefore concludes that all appeals of orders issued by the department under the provisions of ORS 305.285 shall be heard de novo in accordance with the statutes as indicated above.