IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DOUGLAS COUNTY ASSESSOR,      )
                              )
            Plaintiff,        )      TC-MD 111044D
                              )
                              )
       v.                     )
                              )
RICHARD BANDUCCI              )
and DEPARTMENT OF REVENUE,    )
State of Oregon,              )
                              )
            Defendants.       )      **DECISION**

Plaintiff appeals Conference Decision Number 10-0337 of Defendant Department of

Revenue (Defendant), ordering Plaintiff to change the maximum assessed value of property

identified as Account R72399 (subject property) for tax years 2007-08, 2008-09, 2009-10, and

2010-11. The parties filed cross-motions for summary judgment. There is no factual dispute.

This matter is now ready for decision.

## I. STATEMENT OF FACTS

Defendant Richard Banducci (Banducci) was the owner of the subject property during the

tax years at issue. (Stip Facts at 1, Jan 4, 2012.) During the 2005-06 tax year, Banducci added

improvements to the subject property. (*Id*. at 2.) For tax year 2006-07, Plaintiff determined that

the subject property's improvement real market value and exception real market value were

$431,210. (*Id.*) Plaintiff determined that the applicable change property ratio for the subject

property during the 2006-07 tax year was 0.64, computing a maximum assessed value of

$275,974. (*Id.*)

Banducci completed the subject property's improvements in 2006. (*Id.*) Plaintiff added

exception real market value and adjusted the maximum assessed value for the 2007-08 tax year.

DECISION TC-MD 111044D

1

(*Id.*) Banducci appealed the 2007-08 real market value and exception real market value to the Douglas County Board of Appeals (BOPTA). (*Id.*) On March 11, 2008, BOPTA ordered a reduction in the 2007-08 real market value and maximum assessed value because of a reduction in real market value for the portion of the improvements completed during 2006. (*Id.*) No appeal was taken from the BOPTA order. (*Id.*)

On June 29, 2009, Banducci filed a complaint in the Magistrate Division of the Tax Court for the 2006-07 tax year. (*Id.*) Relying on ORS 305.288 (2007),[1] Banducci's requested relief was a reduction in the subject property's improvement real market value to $295,218 with a corresponding change to the maximum assessed value. (*Id.*) On July 30, 2010, the court entered a decision reducing the subject property's 2006-07 improvement real market value and exception real market value to $295,218. (*Id.*) The court's decision was not appealed and a judgment was filed. In compliance with the court's Judgment, Plaintiff issued a tax refund to Banducci based on the resultant change in maximum assessed value, which was lower than the real market value. (*Id.*)

On December 13, 2010, Banducci requested that the Defendant exercise its authority under ORS 305.285 to order Plaintiff to carry forward to subsequent tax years the reduction in the subject property's 2006-07 maximum assessed value. (*Id.* at 3.) On August 12, 2011, Defendant issued Conference Decision No. 10-0337, ordering Plaintiff to correct the subject property's maximum assessed value for the 2007-08 tax year and subsequent tax years based on the maximum assessed value reduction in the 2006-07 tax year as stated in the court's Judgment. (*Id.*)

/ / /

---

[1] This reference to the Oregon Revised Statutes (ORS) is to 2007; all others are to 2009.

DECISION TC-MD 111044D

Plaintiff alleges that ORS 305.285 is inapplicable because the tax years in question are not subsequent years as defined by Oregon Administrative Rule (OAR) 150-305.285. (Ptf's Mot For Summ J at 4-5.) Plaintiff alleges that ORS 305.285 is only applicable to taxpayers who fail to use the "normal appeal" process. (*Id*. at 6.) Plaintiff additionally argues that *res judicata* and collateral estoppel prevent the parties from litigating the same claim for a second time. (*Id*. at 7.)

Defendant alleges that the subject property's maximum assessed value should be calculated in accordance with Article XI, Sec. 11(1)(b) of the Oregon Constitution. (Def's Cross Mot for Summ J at 2-4.) Defendant alleges that ORS 305.285 does provide Defendant authority to order Plaintiff to change the tax rolls because the tax years in question are subsequent years. (*Id*. at 4-5.) Defendant alleges that there is no issue preclusion because Defendant is not seeking to "relitigate" tax year 2007-08. (*Id*. at 8.)

## II. ANALYSIS

Plaintiff appeals Defendant's Conference Decision ordering Plaintiff to change the subject property's maximum assessed value for tax years 2007-08, 2008-09, 2009-10, and 2010-11. The Oregon constitution and ORS 308.146(1) direct how maximum assessed value is determined in subsequent years after that value is entered on the tax roll.

A.      *Oregon Constitution*

The Oregon Constitution provides that a "property's maximum assessed value *shall* not increase by more than three percent from the previous tax year." Or Const, Art XI, § 11(1)(b) (emphasis added). ORS 308.146(1) provides that "[t]he maximum assessed value of property *shall* equal 103 percent of the property's assessed value from the prior year * * *." (Emphasis added.) " 'Shall' is a command: it is 'used in laws, regulations, or directives to express what is mandatory.' " *Preble v. Dept of Rev*, 331 OR 320, 324 (2000) (citations omitted). Absent one of the allowable exceptions, the Oregon Constitution requires that the subject property's maximum

DECISION  TC-MD 111044D

assessed value in a subsequent tax year increase by no more than three percent of the property's assessed value.

An exception to the above stated law applies when improvements are made to a property. In such a case the maximum assessed value is determined by adding the value of the improvements made in the current year to the prior year assessed value increased by three percent. ORS 308.153(1), (2).

On July 30, 2010, the court entered a decision, reducing the subject property's improvement real market value and exception real market value for the 2006-2007 tax year. (Stip Facts at 2.) This court's Decision was not appealed within 60 days and is now final. *See Dept. of Rev. v. Froman*, 14 OTR 543, 547 (1999) (holding that unappealed decisions of the Magistrate Division become final and that the judgments issued thereafter are not appealable).

Plaintiff alleges that because the subject property's 2006-07 maximum assessed value was adjudicated after the 2007-08 tax year values were determined by BOPTA, the subject property's 2007-08 maximum assessed value cannot be adjusted for the 2006-07 adjudicated value. Banducci sought relief from Defendant, requesting review under ORS 305.285.

B.      *ORS 305.285*

On December 13, 2010, Banducci asked Defendant to exercise its authority under ORS 305.285 to order Plaintiff to carry forward the effect of the reduction in the subject property's 2006-07 maximum assessed value to subsequent years. (Stip Facts at 3, Jan 4, 2012.) On August 12, 2011, Defendant issued a Conference Decision ordering Plaintiff to change the subject property's maximum assessed value for tax years 2007-08 through 2010-11. (*Id*.) Plaintiff now asks the court for relief from Defendant's Conference Decision. (Ptf's Mot for Summ J at 2.)

/ / /

DECISION  TC-MD 111044D

Defendant states that it properly exercised its authority under ORS 305.285, which provides in pertinent part:

> "Whenever any property tax matter is appealed to the Department of Revenue, Oregon Tax Court or Supreme Court, and during the pendency of the appeal, no appeal is filed for a *subsequent year* or years, the taxpayer may, on or before December 15 of the year in which a final determination is made * * *, request the department to order the officer in charge of the rolls for the intervening years to correct all tax and assessment rolls for those years with respect to the property affected by such final determination. * * *. *Notwithstanding any time limit* in ORS 305.288 (1) to (6), 306.115 or 311.205, the department shall order such correction *as it deems necessary.*"

(Emphasis added.) The corollary Oregon Administrative Rule (OAR) 150-305.285 further provides in pertinent part:

> "(1) ORS 305.285 provides an *additional procedural remedy* for a taxpayer. It precludes the need for filing a protective petition during the pendency of petition for a previous year. * * *.
>
> "(2) The taxpayer shall make his or her request for relief in a subsequent year to the department on or before December 15 of the year in which the final determination was made, or within six months of the mailing date of the final determination, whichever is later. Subsequent year is defined as any tax year for which it is still possible to file a timely petition at the time the original petition was filed and the petition period had expired when the final determination was made.
>
> "(3) The request shall state the name of the taxpayer, the property's account number and the county in which it is located, the year or years for which relief is requested, and the mailing date of the final determination. For purposes of this section, a final determination includes only those cases where there has been a decision on the merits (including stipulations). A copy of this final determination shall be attached to the request."

(Emphasis added.)

1. *Normal appeal*

Even though ORS 305.285 is characterized by Defendant as "an additional procedural remedy for a taxpayer," a taxpayer must meet specific requirements in order for ORS 305.285 to apply. Plaintiff alleges that ORS 305.285 is limited in its use to a taxpayer who appeals through

DECISION TC-MD 111044D

5

the "normal appeal [process]." (Ptf's Mot for Summ J at 6.)  Plaintiff defines the normal appeal

process as an appeal to BOPTA followed by an appeal of a BOPTA Order to the Tax Court.

(*Id.*)

"In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE*

*v. Bureau of Labor and Industries* (*PGE*), 317 Or 606, 610, 859 P 2d 1143 (1993); ORS 174.020.

The legislative intent is to be determined first from the text and context of the statute.  *PGE*, 317

Or at 611; *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009).  Additionally, "words of

common usage typically should be given their plain, natural, and ordinary meaning." *PGE*, 317

Or at 611.  In the interpretation of a statute, the court may not insert something that the

legislature has omitted.  ORS 174.010.  ORS 174.010 provides:

> "In the construction of a statute, the office of the judge is simply to
> ascertain and declare what is, in terms or in substance, contained therein, not to
> insert what has been omitted, or to omit what has been inserted; and where there
> are several provisions or particulars such construction is, if possible, to be adopted
> as will give effect to all."

There are no words in ORS 305.285 that define appeal.  The court must review the

statute as written.  The court may not insert "normal" in front of appeal or add after appeal "to

BOTPA or the Tax Court." There is nothing in the statute to support Plaintiff's belief that the

application of the statute is limited to those who follow its definition of a "normal appeal"

process.  Even though the OAR references "petition," suggesting that ORS 305.285 is limited to

those who file a BOPTA petition, the statute (ORS 305.285) references appeal and that wording

is controlling with respect to statutory interpretation.

2.    *Subsequent years*

In evaluating the time requirement, Plaintiff alleges that Defendant misconstrued the

meaning of "subsequent years."  (Ptf's Mot for Summ J at 4-5.)  OAR 150-305.285(2) defines a

/ / /

DECISION  TC-MD 111044D

"subsequent year" as:

> "any tax year for which it is still possible to file a timely petition at the time the original petition was filed and the petition period had expired when the final determination was made."

Plaintiff alleges tax year 2007-08 is not a "subsequent year" because when Banducci filed his 2006-07 tax year appeal with the Tax Court on June 29, 2009, it was not possible for him to file a timely appeal for tax year 2007-08. (Ptf's Mot for Summ J at 4-5.) Plaintiff alleges that because Banducci did not appeal the BOPTA Order within 30 days as required under ORS 305.280(4) he lost his opportunity to appeal the 2007-08 tax year.

As of June 29, 2009, Banducci retained appeal rights to tax year 2007-08. Banducci could have filed a complaint with this court seeking review under ORS 305.288(1) which allows the Tax Court to "order a change *** to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year" if certain conditions are met.[2] Most important, ORS 305.288(6) states that "[t]he remedy provided under this section is in addition to all other remedies provided by law." Even though Banducci did not file an appeal within 30 days from receiving the BOPTA Order, ORS 305.288 provides an alternate route to appeal that year.

The tax year on June 29, 2009, when Banducci filed his request with Defendant, was the 2008-09 tax year.[3] The 2007-08 tax year could have been appealed as of June 29, 2009, because it was within "two tax years immediately preceding the current tax year." ORS 305.288(1). The court's Judgment for the 2006-07 tax year was filed on July 30, 2010. As of that date, the 2007-08 tax year was more than "two tax years immediately preceding the current tax year," placing it

---

[2] Current tax year is the "tax year in which the need for the change or correction is brought to the attention of the department." ORS 305.288(5)(a); ORS 306.115(5).

[3] ORS 308.007 defines "[t]ax year" to mean a 12 month period beginning July 1. The tax year 2007-08 began on July 1, 2007, and ended on June 30, 2008.

outside the ORS 305.288(1) applicable time period. In sum, tax year 2007-08 meets the definition of a subsequent year under OAR 150-305.285(2) because Banducci could have appealed the 2007-08 tax year when he filed his Complaint but could no longer appeal that year as of the date of the court's Judgment.

Banducci met the qualifying requirements of ORS 305.285, allowing Defendant to review his request.

3.      *Application of ORS 305.285 made by taxpayer request*

In *Samoth Financial Corp. v. Department of Revenue* (*Samoth*), 8 OTR 408, 411-12 (1980), the court "was careful to note the unique nature of ORS 305.285, describing it as 'an additional appellate procedure.' " *ADC Kentrox v. Dept. of Rev*. (*ADC Kentrox*), 19 OTR 91, 96 (2006) (citing *Samoth*, 8 OTR at 411). In *Samoth* the court stated that the Department of Revenue viewed ORS 305.285 as "not part of the 'normal' or 'regular' appeal procedure" but as a "special relief statute granting it discretionary authority to adjust the value of the property" at taxpayer request. *Samoth*, 8 OTR at 410. The court described ORS 305.285 as "providing for department correction of the rolls to conform to court decisions as the department 'deems necessary.' " *ADC Kentrox*, 19 OTR at 96.

In the case presently before the court, the Defendant ordered a correction to the tax rolls to conform to the court's Judgment. (Stip Facts at 3, Jan 4, 2012.) That Judgment made final the court's Decision, setting forth the subject property's 2006-07 real market value, exception real market value, and maximum assessed value. Defendant's Conference Decision, dated August 12, 2011, is within its statutory authority under ORS 305.285 to order Plaintiff to "conform" the tax rolls to the court's Judgment.

/ / /

DECISION  TC-MD 111044D

Having concluded that the Defendant properly exercised its statutory authority stated in its Conference Decision when it ordered Plaintiff to change the tax rolls to conform to the court's Judgment, the court need not consider Plaintiff's other challenges.

## III.  CONCLUSION

After careful review of the pleadings and consideration of the applicable law, the court concludes that Defendant properly exercised its statutory authority when it ordered Plaintiff to change the subject property's maximum assessed value for tax years 2007-08, 2008-09, 2009-10 and 2010-11.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ___ day of May 2012.


_____
JILL A. TANNER
PRESIDING MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on May 10, 2012.  The Court filed and entered this document on May 10, 2012.*

DECISION  TC-MD 111044D