## JELD-WEN, INC. *v.* DEPARTMENT OF REVENUE

H. F. Smith, Klamath Falls, represented plaintiff.

G. F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered December 18, 1973.

CARLISLE B. ROBERTS, Judge.

Plaintiff appeals from the defendant's Order No. VL 72-421, relating to the value of its inventory for the tax year 1970-1971, subject to assessment pursuant to ORS 308.105.

The facts have been stipulated by the parties:

(1) During the calendar year 1970, the plaintiff, a manufacturer of wood products, maintained an inventory of stock in trade subject to taxation in Klamath County, Oregon, under the provisions of ORS chs 307 and 308 and ORS 310.608.

(2) Pursuant to ORS 308.290 (3), which requires that personal property tax returns shall be filed on or before March 3 of each year with the county assessor unless the assessor, upon written request filed with him prior to that date and for good cause shown therein, shall allow a reasonable extension of time for filing a return, the plaintiff received a waiver and on March 9, 1970, filed a personal property tax return showing the value of its inventory as $549,345 on a year-end basis, using a LIFO accounting method.

(3) On January 12, 1971, plaintiff filed an amended personal property inventory report, using the average inventory method and the lower of cost or market, reporting a value for 1970-1971 of $302,891.

(4) Following the receipt of the amended personal property inventory report, the County Assessor of Klamath County changed the assessment roll to reflect the value reported in the plaintiff's return of January 12, 1971.

(5) An auditor of the Department of Revenue discovered the assessor's act and informed him that he had no authority to make such a change. Thereupon the assessor again changed the roll, assessing the plaintiff's inventory in accordance with the return filed by it on March 9, 1970.

It is the contention of the plaintiff that the defendant Department of Revenue is estopped from denying the plaintiff the right to report its 1970 inventory on the monthly average basis and that the County Assessor of Klamath County was not bound by the election made by the plaintiff on its March 9, 1970, personal property tax return to report its inventory value for the year 1970-1971 on the year-end basis.

The defendant contends that the election to report on the average inventory method on the amended personal property tax return did not comply with ORS 308.292 (2) and was not lawfully utilized, that the assessor was not authorized to change the roll in January 1971 and that the assessor was under a duty to restore the value as originally assessed.

Plaintiff was required by the statutes to file a personal property tax return for the tax year 1970-1971 on or before March 3, 1970, pursuant to ORS 308.290 (1). The assessor was empowered to extend the time in which the return may be filed and this was lawfully done in the present case. ORS 308.290 (3). The return for 1970-1971 was filed with the assessor by the plaintiff on March 9, 1970.

There are a number of methods and techniques by which inventory may be reflected on the books of the taxpayer. While different procedures will produce a different value for the ending inventory and for cost of sales, over the long run the same income will generally be reflected in the accounts. The overriding principle in these matters is consistency. However, ORS 308.292 specifically provides for an annual election by the taxpayer to use the "average inventory" method, "* * * upon the basis of the average true cash value of the stock owned or held by the taxpayer during the preceding calendar year * * *." ORS 308.292 (2) requires that:

> "Election to use the average method shall be made by notification to the assessor *at the time of filing the return under ORS 308.290*; and such election, once made, shall be binding upon the taxpayer for the tax year in question." (Emphasis supplied.)

Subsection (3) of ORS 308.292 requires that the

taxpayer electing to use the average inventory method shall keep books of account which clearly show the stock on hand and the true cash value thereof as of the last day of each accounting period.

Defendant alleged that plaintiff's books did not meet these requirements; plaintiff denied the allegations but offered no proof required by ORS 305.427.

There is no provision in the statutes authorizing the assessor to accept an amended personal property tax return after March 3 or after a "reasonable extension of time for filing a return" allowed by the statute. After the assessment roll has been turned over to the board of equalization, the assessor has no authority to make any change therein, on his own initiative, except for clerical errors and for omitted property assessments. See ORS 308.242:

> "The assessor shall make no changes in the roll after May 1 of each year except such changes as are otherwise provided by law. Any property not upon the assessment roll by May 1, and known to the assessor, shall be brought to the attention of the board of equalization by the assessor and added to the roll as omitted property."

See also ORS 309.060, 309.080, 309.110, 309.120, 309.400, 311.205 (this last noted section relating to mechanical errors, not those involving appraisal judgment), and 311.207.

An assessor, like any other administrative officer, has no inherent powers but is authorized only to do those acts which are specified in the law or are implicit therein. He cannot "legislate." He can no more determine for himself what is law than can any other man. See *Gouge v. David et al.*, 185 Or 437, 459, 202 P2d 489 (1949); *Layman v. State Unemp. Comp. Com.*, 167 Or

379, 401, 117 P2d 974 (1941); *Georgia-Pacific v. Dept. of Rev.,* 5 OTR 33 (1972).

The Department of Revenue has a legal duty to examine the work of the assessor and to make corrections therein as may be required by the statutes. ORS 305.090, 305.120, 305.160. The assessor must obey the order of the department. *State ex rel. v. Smith et al.,* 197 Or 96, 109, 252 P2d 550 (1953).

█ The order of the defendant, restoring the roll with respect to the plaintiff's inventory for the tax year 1970-1971, must be affirmed unless the plaintiff's theory of estoppel prevails. Estoppel has been approved in Oregon as against governmental officials in a number of recent cases.

A plea of estoppel must allege the essential facts. *Reed v. Commercial Ins. Co.,* 248 Or 152, 155, 432 P2d 691 (1967). The essential facts necessary to be alleged must include all of the following elements of estoppel:

"To constitute an equitable estoppel, or estoppel by conduct, (1) there must be a false representation; (2) it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it. * * *"

*Earls et ux v. Clarke et al,* 223 Or 527, 530-531, 355 P2d 213 (1960). See also *Donahoe v. Eugene Planing Mill,* 252 Or 543, 545, 450 P2d 762 (1969); *Proud Truck Sales v. Dept. of Rev.,* 4 OTR 566, 571 (1971).

The plaintiff has cited *Uniroyal v. Dept. of Rev.,* 5 OTR 29 (1972), in support of its contention, but the facts in that case bear no similarity to this one.

The complaint in the present case pleads only that:

"(a) Defendant is estopped from denying plaintiff the right to report its 1970 inventory on the monthly average basis."

"Defendant" in this suit is the Department of Revenue. The essential facts necessary to estoppel were not pleaded against either the defendant or the assessor and no witnesses were presented or testimony adduced in court which would support the elements of estoppel.

The defendant's order is affirmed.