## EDGAR L. STONE v. DEPARTMENT OF REVENUE

Plaintiff appeared in propria persona.

Ted E. Barbera, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered April 19, 1974.

CARLISLE B. ROBERTS, Judge.

The plaintiff has appealed to the Oregon Tax Court from the defendant's Order No. PTR 73-83, dated August 14, 1973, which denied his claim for the homeowner's property tax relief benefits for 1972.

At the trial before this court, plaintiff appeared as his own attorney and sole witness. His testimony was marked by candor. He testified, and the court finds, that he has a Bachelor of Arts degree in Economics and has had some accounting training. He customarily made his own income tax returns. However, during the early months of 1973, he was involved in the contracting business with a partner, an experienced carpenter, and he found that it was impos-

sible to allocate the time necessary to maintain his personal and business records properly. He engaged a firm of certified public accountants to handle these matters and, on their recommendation, he obtained extensions of time for filing his federal and state income tax returns. It was his understanding that such an extension would also cover a claim to be made by him under the Homeowner's Property Tax Relief Act, ORS 310.630 et seq., including ORS 310.667 (1971 Replacement Part). Subsection (2) of ORS 310.667 requires of the taxpayer who has paid his property taxes and wishes to claim the property tax relief to submit a claim on a particular form, specified in ORS 310.650, on or before April 15 to the Department of Revenue for audit.

Tax returns and claims for refund for the 1972 tax year, normally due on April 15, became due on April 16, 1973, because April 15, 1973, fell on Sunday. ORS 187.010 (2); ORS 305.820 (2). During the course of April 16, while examining personal records, it occurred to the plaintiff that the extension of time for filing the personal income tax return might not be applicable to the special requirement of filing the ORS 310.650 form required by the Homeowner's Property Tax Relief Act for 1972. A telephone inquiry to his accountant confirmed this interpretation of the law. He thereupon prepared his claim for refund, based upon the payment of real property taxes for the year 1972.

Although he still had time in which to place the claim in the United States mail for delivery to the Department of Revenue, pursuant to ORS 305.820 (which provides that the date mailed is deemed the date filed), he decided to hand carry it to Salem early

on the morning of April 17 so that he would insure its delivery and demonstrate his good faith in seeking to make as early a deposit of the claim as he could. He testified that he sought to "satisfy the spirit of the filing date."

He delivered the claim form to a secretary in the Department of Revenue and left the building but presently returned and asked the secretary to aid him in turning the claim over to some responsible person who would take note of his special effort. The secretary introduced him to Mr. James N. Francis, an experienced auditor in the Department of Revenue, who stamped the return as received on April 17 and advised the plaintiff that he had no authority whatsoever to waive the time limitation.

Plaintiff then returned to Portland and advised his partner of what he had done and recommended to him that, since he was in the same position as the plaintiff, he should take immediate steps to file his own homeowner's property tax relief form. Plaintiff testified that, inasmuch as the partner was unaccustomed to making returns, he aided him in the preparation of the form, that they agreed that it should be dated as of April 16, 1973, and thereafter, on the same day, April 17, the partner took the form to Salem and filed it. Within a few weeks he received his claimed refund. None was received by plaintiff because of tardy filing. Plaintiff's claim being denied, he obtained a hearing before the hearing officer of the department on July 12, 1973, and on August 14, 1973, his appeal was denied.

Plaintiff's testimony proves to the court his strong desire, once he found that he had been remiss, to overcome his tardiness in filing in the best way

which occurred to him. Unfortunately, this was not enough. The court has no power to waive the period of limitation and would be able to find for the plaintiff only upon some particular showing, such as estoppel, where the act of the Department of Revenue would have given some equitable ground upon which a favorable determination for plaintiff could be made. Plaintiff, in his reply, stated that "the plaintiff's application was filed before several known applications that have since been paid, and most probably before many others that have also since been paid." However, the plaintiff produced no testimony whatsoever which would corroborate this plea and he recognized that it was hearsay upon which the court could not act.

Experience has proved the efficacy of clearly stated due dates for filing items important in the administration of laws. The legislature, in ORS 305.820 and 310.667, acted to insure good administration and fair treatment. It established a time allowance of three and one-half months for filing the claim after the date on which all facts are known to the taxpayer, which appears to be ample. It is ironic that, under the statutes, a 1972 claim mailed on April 16, 1973, is timely, although received by the tax administrator on April 17 or even later, but a claim hand delivered to the department on April 17 is too late to give it jurisdiction to act thereon.

Why must this be? Why should relief be denied the well-intentioned taxpayer whose affairs precipitate him into crises of time? It seems that the law, formulated by human beings, must ever be imperfect. It is not able to provide a formula to compensate for the infinite variations in human fallibility. The law's administrator, whose chief protection is found in non-

discriminatory application of the legislature's requirements, does not dare to deviate from the dictates of the statutes. If he allows one taxpayer an extra day, he logically must accept all others on an equal basis. And if one day can be granted, why not two or three? Soon the law is eroded and uncertain and administrative feasibility is impaired. The most perfect justice is found in determining the rule to be followed and adhering to it. It then becomes known to all, its seeming intricacies are untangled, and it is soon accepted as a matter of course by the citizen.

Such situations as here presented tempt the equity-minded judge to seek for ways of relief in individual cases, but none has been found in this situation short of curative legislation.

The plaintiff's appeal is dismissed and he can take nothing by his complaint.