# CO-OPERATIVE SECURITY CORPORATION
## *v.* DEPARTMENT OF REVENUE

Michael V. Johnson, Cater & Johnson, La Grande, represented plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered May 14, 1976.

CARLISLE B. ROBERTS, Judge.

Plaintiff appealed to this court from the defendant's Order No. VL 75-423, dated July 21, 1975. The order indicates that the testimony and arguments at the hearing held by the department's appointed hearing officer raised numerous issues relating to the plaintiff's claim of exemption from property tax as to the subject property, but that no useful opinion on these issues could be given because plaintiff had failed to file its appeal to the defendant within the 30 days allowed by the pertinent statute, ORS 311.-211(4). Accordingly, the plaintiff's appeal was dismissed by the defendant for want of jurisdiction.

The facts are not disputed. The property in question is a recreational lodge owned by the plaintiff and located on an otherwise unimproved tract of 124

acres, situated east of the City of Union, Oregon, in the Wallowa Mountains, the tract being designated as Assessor's Account No. 5S41-2500 (5-6). It has been stipulated that the acreage had been on the tax rolls for many years but the lodge had been constructed without the knowledge of the county assessor and had not been placed on the assessment and tax rolls following its construction. Utilizing the statutory procedure for adding omitted property to the rolls, ORS 311.207 to 311.213, the County Assessor of Union County, on December 20, 1974, addressed a letter to the plaintiff at its office in Salt Lake City, Utah, stating:

"I have discovered that the recreational lodge at the above referenced account number [5S41-2500 (5-6)] was omitted from the 1969 thru [sic] 1974-75 assessment and tax rolls.

"It is my intention, as required by statute, to place the value of this omitted property on the 1969-70, 1970-71, 1971-72; 1972-73, 1973-74, & 1974-75 tax rolls. I have determined the value of the omitted property to be $18,930.

"If you do not agree that this property should be added to the said assessment and tax rolls of Union County, you must appear at my office before 11:00 a.m. on the 3rd of January, 1975, to show cause, if any, why the property should not be added to the said rolls."

Plaintiff's counsel has emphasized that the assessor did not precisely follow ORS 311.209 in its requirement as to time. This statutory section compels the assessor to give notice in writing to the taxpayer of his intention to assess omitted property and states, in part:

"* * * The notice shall be in writing, mailed to the person's last-known address. It shall describe the property in general terms, and require the person to appear at a specified time, *not less than 20 days after mailing the notice,* and to show

cause, if any, why the property should not be added to the assessment and tax roll and assessed to such person." (Emphasis supplied.)

Since the notice was dated December 20, 1974, the time for hearing, specified by the statute to be "not less than 20 days after mailing the notice," could not be earlier than January 10, 1975. In this instance, the assessor had specified that the hearing would be on January 3, a full week before the first legal date.

Nevertheless, plaintiff's counsel voluntarily made an appearance before the assessor on the date specified, January 3, 1975, and fully presented his argument for exemption of the property for the five prior years involved. He did not demand, as rightfully he could, that the hearing be set over for another week in order to afford him the full time for preparation contemplated by the provisions of ORS 311.209.

The parties have stipulated:

"* * * The Assessor verbally denied the exemption because of untimely filing and added the property to the rolls on January 3, 1975, although no formal notification of the action was given to Petitioner who had been led to believe that during an extended negotiation period with the Assessor, the property would not be added to the rolls without formal notification thereof. In mid March, Petitioner concluded that the Assessor was not going to yield to petitioner's continued contention that Petitioner should be permitted to retroactively file for exemption, so on March 28, 1975, Petitioner filed A PETITION TO DEPARTMENT OF REVENUE FOR REVIEW OF ACT OR OMISSION OF COUNTY ASSESSOR."

▉ Plaintiff, by making the equivalent of a "general appearance" (as it would be regarded in a court of law), waived any rights which it may have had as to time allowable for preparation or other pro-

cedural defects. Although the hearing notice was issued at the administrative level, the long-established principle in trial court proceedings is applicable; viz., a general appearance by the party served, seeking relief which could be accorded only if the administrator had jurisdiction to grant relief, will act as a waiver of irregularities in notice and service. *Felts v. Boyer,* 73 Or 83, 92-93, 144 P 420, 423 (1914). *Accord, Bogue v. Laughlin,* 149 Wis 271, 136 NW 606 (1912) (an omitted property case).

Evidence adduced before the court failed sufficiently to show upon what grounds the plaintiff relied to justify expectation for delivery to him of a written determination of his plea by the assessor following the plaintiff's appearance on January 3, 1975. It has been stipulated that the assessor orally denied the exemption at that time. Elements of estoppel have not been pleaded or proved. *See Rogers et al v. Dept. of Rev.,* 6 OTR 139, 144 (1975); *Jeld-Wen v. Dept. of Rev.,* 5 OTR 358, 362 (1973). Under ORS 311.211, the applicable statute in these cases, the assessor is required to make the correction of the assessment roll and to provide for correction of the tax roll or rolls by sending a written statement to the tax collector instructing him to make the necessary changes on the tax roll, such statement to be signed by the assessor or his deputy. Immediately after the assessor corrects the assessment and tax roll, he is required to file in his office a statement of the facts or evidence on which he based the correction. Thus, a public record is clearly made, but there is no statutory requirement that the assessor specifically notify the taxpayer of these acts. There is a presumption in this case, which has not been overcome, that the county assessor faithfully met all requirements (except for shortening the time for plaintiff's appearance for the omitted property hearing). ORS 41.360(15). There may be legis-

lative oversight as to this situation, but this court cannot cure it. (It is reminiscent of the days prior to the enactment of Or Laws 1951, ch 518, and Or Laws 1953, ch 179, which first provided that the assessor could or must give written notice of increased property valuations (now codified in ORS 308.280).)

ORS 311.211(4) provides:

"Any person aggrieved by an assessment made under ORS 311.207 to 311.213 may appeal to the Department of Revenue within 30 days after the correction of the roll by giving notice to the assessor and otherwise proceeding in the manner provided for appeals from the board of equalization."

The burden is placed upon the plaintiff to take notice of the correction of the roll and to act within 30 days thereafter. The record shows that the assessment was physically added to the roll on January 3, 1975, and this is exactly what the assessor had said would be done in his letter to the plaintiff of December 20, 1974, if the taxpayer failed to show cause why the property should not be added to the rolls.

Turning now to the defendant's order which denied plaintiff's appeal on account of the jurisdictional defect, it must be held in mind that an administrative agency, such as the Department of Revenue, has only those powers which are specifically conferred upon it by statute. *Layman v. State Unemp. Comp. Com.,* 167 Or 379, 401, 117 P2d 974, 982-983, 136 ALR 1468 (1941). *See Gouge v. David et al.,* 185 Or 437, 459, 202 P2d 489, 498 (1949); *Georgia-Pacific v. Dept. of Rev.,* 5 OTR 33, *aff'd,* 264 Or 260, 504 P2d 704 (1972). It cannot enlarge its jurisdiction. It cannot lawfully act, in the ordinary course, on a petition untimely filed, except to dismiss it for want of jurisdiction.

At the time of the hearing of this suit, this court, after argument, took the issue of defendant's juris-

diction under advisement and heard the arguments on the plaintiff's claim for exemption of the property. Having determined that the defendant properly concluded that it was without jurisdiction to try the issues of exemption and retroactive application for exemption of the subject property, this court also lacks jurisdiction to try the matter on its merits. The party must exhaust its administrative remedies before it comes to this court and its inability lawfully to do so cannot be overcome by an appeal to this court.[1]

The defendant's Order No. VL 75-423 is affirmed and the plaintiff takes nothing by its suit.

---

[1] Counsel for both plaintiff and defendant, in chambers, intimated that ORS 305.425(2) authorizes the court to act in this situation. That subsection reads:

"If a statute provides for an appeal to or a review by the court of an order or determination of the Department of Revenue or of any other administrative agency, the proceeding shall be an original proceeding in the nature of a suit in equity to set aside such order or determination. *The time within which the statute provides that the proceeding shall be brought is a period of limitations and is not jurisdictional.*" (Emphasis supplied.)

However, this statute, which makes the time limitation a bar to be pleaded, not a limitation of power, applies only to those orders which are the basis of the appeal to this court, and does not apply to an administrative time limitation such as ORS 311.211(4).