## RAYMOND C. AND VIRGINIA I. LARSON *v.*
## DEPARTMENT OF REVENUE

Plaintiffs appeared by one of them, Raymond C. Larson.

Defendant appeared by and through James D. Manary, Assistant Attorney General, Salem.

Decision for defendant rendered July 14, 1976.

CARLISLE B. ROBERTS, Judge.

Plaintiffs appealed to the Oregon Tax Court from the decision of the defendant Department of Revenue, expressed in the defendant's Order No. VL 75-632 (dated November 18, 1975). The order declares that the plaintiffs, as petitioners to the Department of Revenue, having failed to exhaust their administrative remedies before the Clackamas County Board of Equalization, did not establish jurisdiction in the department, under the requirements of ORS 306.520, and that appeal was therefore dismissed for want of jurisdiction.

There appears to be little question as to the facts. In 1973, the plaintiffs owned 4.78 acres of land, described as Clackamas County Assessor's Account No. 3 4E 25 104, in Tax Code 108-6, with an assessed value of $7,550. On or before January 1, 1974, plaintiffs improved the property by building a personal residence thereon. For the property tax year 1974-1975, the county assessor increased the value of the land from $7,550 to $9,280 and, for the first time, placed a value on the improvements, in the sum of $38,150, a total of $47,430 of assessed valuation. Pursuant to ORS 308.280, a notice of these assessed values, containing a stamped date of June 11, 1974, was mailed to the taxpayers and received by them.

Notices given under ORS 308.280 are to be mailed to the taxpayers "not later than the first Monday in May to the person to whom the property is assessed at the address appearing in the tax records. * * *" ORS 308.280(5). The failure to give notice does not invalidate the assessment. ORS 308.280(6). It follows that failure to give timely notice would not invalidate the assessment, but such failure does extend the time for appeal to the county board of equalization. ORS 309.103.

The testimony shows that the official notice dated June 11, 1974, was accompanied by a second notice, signed by the Clackamas County Assessor, stating in the second and last paragraph thereof:

"For your information Oregon Law provides in ORS 309.103 an extension of time in which you may file a petition to the Board of Equalization. Whenever, a value notice is mailed after the first Monday in May, time for filing is extended beyond the third Monday in May one day for each day that the notice is mailed after May 6, 1974."

The plaintiff husband, who alone made appearance before the court in this matter, testified that he did not receive this part of the assessor's notification, but the preponderance of the testimony leads the court to conclude that the notice must have been mailed to Mr. and Mrs. Larson.

The supplemental notice mailed to the plaintiffs (Dft Ex B), read in connection with ORS 309.103 (cited in the notice), sets out the formula to determine the extended time in which to file a petition with the county board of equalization when the assessor's notice of increased property valuation is mailed late. Since the notice was mailed after the first Monday in May, the time for filing is extended beyond the third Monday in May (May 20, in this instance) one day for each day that the notice was mailed after May 6, 1974. The total of 36 days, in this instance, is limited by the provision in ORS 309.103 that the extended time is not to exceed 30 days.

This is the legal aspect of the time element which the taxpayer is deemed to know. The testimony shows that, after receiving the notice, the taxpayer discussed the matter in the county assessor's office and Mr. Larson, in some manner, gained the notion that he had only eight days in which to act, a time

he deemed too short and therefore did nothing. Subsequently, coming upon the provisions of ORS 306.520, providing for an appeal upon a failure of the county assessor, the taxpayer sought the jurisdiction of the Department of Revenue for a formal hearing.

The department was correct in denying jurisdiction to try this matter on the merits. Even if the taxpayers had had only eight days in which to appeal when they became aware of their rights, there is no provision in law which would allow them to disregard this amount of time in making some appearance before the board of equalization, even if only to seek an extension of time. The law is clear that the petitioner must exhaust his available administrative remedies before making an appeal to the Department of Revenue or to this court. *Oregon City v. Hartke,* 240 Or 35, 44, 400 P2d 255, 260 (1965); *Weyerhaeuser Co. v. Galloway,* 168 Or 85, 107-108, 121 P2d 469, 477-478 (1942).

The defendant's Order No. VL 75-632 is affirmed. Defendant is entitled to its costs.