HAROLD DOMOGALLA, ASSESSOR OF MARION
COUNTY, JAMES HEENAN, SHERIFF AND TAX
COLLECTOR FOR MARION COUNTY, and
DOLORES GLENNIE, TAX COLLECTOR FOR
MARION COUNTY

*v.*

DEPARTMENT OF REVENUE

Larry Jon Pound, Special Counsel for Marion County, Salem, represented plaintiffs.

Alfred B. Thomas, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiffs rendered October 17, 1977.

CARLISLE B. ROBERTS, Judge.

On December 29, 1976, the defendant, Department of Revenue, in its Order No. VL 76-809, utilized the general supervisory authority vested in the administrative agency under ORS 305.090 and 306.111, and ordered the plaintiffs to amend the Marion County assessment and tax rolls for the tax year 1976-1977 in accordance with a prior departmental order, Order No. VL 76-403, dated June 18, 1976, which related to the tax year 1975-1976.[1]

The subject property in both orders consists of parking lots owned by the State of Oregon, located in the Capital Mall area of Salem, Oregon.[2] The lots are identified in the county records as Assessor's Account Nos. 25125-000, 25142-000, 25160-000, 25190-000, 25205-000, 25220-000, 25185-701, 25185-702, 25185-703, 25185-704, 25187-701, 25187-702, 25188-700, and 34770-000.

The County Assessor of Marion County had assessed the subject property as of January 1, 1975, for the tax year 1975-1976, at $1,498,000. The State of Oregon, as owner, petitioned the county board of equalization for a reduction in values and then, on June 9, 1975, appealed to the Department of Revenue for a reduction, pursuant to ORS 306.515.

It was necessary for the county assessor to assess the property for the 1976-1977 roll, as of the assess-

---

[1] The county assessor had 60 days in which to appeal the department's Order No. VL 76-403 (ORS 306.545) but he did not do so. No issue has been made of this fact by the parties herein.

[2] ORS 307.095 (Or Laws 1969, ch 706, § 60) particularly provides for the ad valorem taxation of state property rented to individuals during the tax year for the purpose of parking vehicles.

[ 243 ]

ment date of January 1, 1976, before the Department of Revenue acted upon the state's petition. Having received no order at that date from the Department of Revenue, he assessed the subject property at the value he used in the prior tax year, 1975-1976. As there was no change in the assessed value, there was no necessity to notify the taxpayer of the assessment under ORS 308.280.

On January 23, 1976, the defendant department held its formal hearing on the value of the subject property as of the assessment date January 1, 1975.

On or about the second Monday in May 1976, the county board of equalization convened to act upon the assessment roll for the tax year 1976-1977. The roll for 1976-1977 was delivered by the assessor to the board as required by ORS 309.060. After May 1, the assessor no longer had authority to make changes in the roll. ORS 308.242.

On June 18, 1976, the department issued its Order No. VL 76-403, reducing the assessed value of the subject property for the 1975-1976 tax year to $554,600.

Now follows a familiar pattern: The taxpayer, although engaged in contesting a prior year's assessment of the subject properties, failed to protect the current tax year's assessments by filing a petition with the county board of equalization. It did not follow the provisions of ORS 309.100, as it had done in the prior year.[3] Notice of the county board's May session and the right of taxpayers to be heard is given each year, before the May session, by public notice in three weekly publications in a newspaper of general circulation in the county. ORS 309.050. On appeals for relief by the taxpayer in this situation, the department has normally responded with an order denying its jurisdiction to act, due to the taxpayer's failure to exhaust its

---

[3] For future years, Or Laws 1977, ch 870, § 7, effective October 4, 1977, will give a taxpayer an opportunity to obtain relief in this situation.

administrative remedies. (See citations below.) However, in this instance, on December 29, 1976, the defendant department issued its Order No. VL 76-809, with the statement:

"The State of Oregon has requested that the Department of Revenue exercise its general supervisory authority pursuant to ORS 305.090 and 306.111 to correct certain grossly excessive Marion County real property investments for the tax year 1976-1977."

The order described the subject property and referred to the former order, No. VL 76-403, for the tax year 1975-1976, and required the assessor and tax collector to "take such steps as are necessary to correct the Marion County Tax Roll for the tax year 1976-1977 * * *" in accordance with the values established for 1975-1976 in defendant's Order No. VL 76-403 issued on June 18, 1976.

Plaintiffs have appealed the defendant's Order No. VL 76-809 on the ground that the defendant was without jurisdiction to entertain the taxpayer's "request" for a remedy, and was without authority to grant the remedy sought and, as a second ground, that the defendant's treatment of the taxpayer's "request" was procedurally defective, even if the defendant had the power to act in the premises.

As has been said, in a substantial number of petitions, over a period of years, the defendant consistently has held that the taxpayer in the State of Oregon's position, who has failed to exhaust its administrative remedies, must be refused aid because of a lack of jurisdiction in the department to act upon such a request. *Larson v. Dept. of Rev.,* 6 OTR 454 (1976); *Co-Operative Security Corp. v. Dept. of Rev.,* 6 OTR 419 (1976); *State Finance Co. et al v. Dept. of Rev.,* 5 OTR 651 (1974); *Stone v. Dept. of Rev.,* 5 OTR 503 (1974); and *T & R Service v. Commission,* 3 OTR 271 (1968).

The provisions on which defendant's order relies, "the general supervisory authority vested in the

Department by ORS 305.090 and 306.111," are extremely broad and sweeping.[4] Although the supervisory power is not commonly used, it is statutorily a well-established mode of operation for the Department of Revenue, to be read with the implementing sections: ORS 306.547 (specifically providing a direct appeal to the Oregon Tax Court from defendant's supervisory orders); ORS 306.580 (providing that the remedy in the Tax Court is exclusive); ORS 306.805 (providing for service by registered mail to each taxpayer directly affected or his attorney, etc.); and ORS 311.205 (providing a time limitation, to December 31 of the assessment year, beyond which the defendant cannot exercise its exceptional power).

■■ No rules have been promulgated by defendant under ORS 305.090 and 306.111;[5] however, with or without a promulgated ruling, no administrative agency can act arbitrarily or capriciously, inconsistently with valid past actions or in derogation of law.

■■ The court takes judicial notice of administrative interpretations of tax statutes by the Department of Revenue. *Keyes v. Chambers et al,* 209 Or 640, 307 P2d 498 (1957). In the past, the Department of

---

[4] ORS 305.090 provides:

"The Department of Revenue shall exercise general supervision of the system of taxation throughout the state, and general supervision and control over the administration of the assessment and tax laws and over county assessors and county boards of equalization in the performance of their duties relating to taxation to the end that all taxable property is assessed uniformly according to law and equality of taxation according to law is secured."

ORS 306.111 provides:

"The Department of Revenue may do any act or give any order to any county board of equalization or county assessor as to the valuation of any property or class of property which the department deems necessary so that all taxable property is assessed according to law and equalized between taxpayers, between counties and between taxing units to the end that equality of taxation according to law shall be secured."

[5] The defendant has discretion in rule making and may well rely upon developing its rules under the "supervisory powers" by a case-by-case procedure. *See Swenson v. Dept. of Rev.,* 276 Or 1, 3, 553 P2d 351, 353 (1976).

Revenue has always denied relief to a taxpayer in the position of the State of Oregon under the facts of the present case. This court has always affirmed the department's decision when appeals have been made on this issue. *Larson v. Dept. of Rev., supra; Co-Operative Security Corp., supra; State Finance Co. et al, supra; Stone v. Dept. of Rev., supra,* and *T & R Service, supra.* The only difference to be found in the present situation is that the State of Oregon appears as taxpayer, instead of some individual or private corporation. Nothing has been presented to this court which would show that this factual difference can give rise to a different result. The Department of Revenue does not have power to suspend the law requiring aggrieved taxpayers to carry their petitions to the county board of equalization pursuant to ORS 309.100. Only the legislature has that power. Or Const, Art I, § 22, and *see Oregon City v. Hartke,* 240 Or 35, 44, 400 P2d 255, 260 (1965); *Weyerhaeuser Co. v. Galloway,* 168 Or 85, 107-108, 121 P2d 469, 477-478 (1942).

Defendant's arguments to the court are extremely weak. It raises the disputable presumption, ORS 41.360(15), that: "[o]fficial duty has been regularly performed." It then cites *J. R. Widmer, Inc. v. Dept. of Rev.,* 261 Or 371, 494 P2d 854 (1972), at 377:

"* * * This presumption does not relate to the correctness of the value ascribed to property by the assessor. It does pertain to the procedural steps established by statute or those outlined by an administrative body not inconsistent with the statutory law."

However, as noted above, defendant has never established any procedural steps for the issuance of supervisory orders. It lacks a procedure and has acted inconsistently within the statutory law (*i.e.,* ORS 309.100). Defendant then cites as its authority the rule in *State ex rel. v. Smith et al.,* 197 Or 96, 252 P2d 550 (1953), at 109:

"We have heretofore held that when an assessor has notice of a lawful determination of assessed values made

[ 247 ]

by superior authority, he is bound to implement the same of record on the assessment roll. * * *"

This, of course, begs the question of "lawful determination," raised in this suit.

■ Defendant's counsel, in Defendant's Brief 2-4, states that, in its Order No. VL 76-809, the defendant did not rely solely on its supervisory power (as plainly stated in so many words in the defendant's order), but acted under the statutory authority of ORS 311.205(2). Defendant's Brief is the first instance in which this statute is mentioned and it is clearly an inappropriate afterthought. ORS 311.205, including subsection (2), must be construed as a whole and it has always been held by the department that it relates to clerical and mechanical errors made by the officer in charge of the rolls. In this view it was supported by this court in *Jeld-Wen v. Dept. of Rev.,* 5 OTR 358, 361 (1973) ("this last noted section [ORS 311.205] relating to mechanical errors, not those involving appraisal judgment"). ORS 311.205 can have no application to the facts in the present suit.

Defendant's Order No. VL 76-809 was and must be considered void, a nullity, without force or effect, to be disregarded by the plaintiffs.[6]

---

[6] The court approved a motion of plaintiff to separate the issues in this suit relating to jurisdiction, authority and procedural correctness from the issue of valuation. However, on reexamination of the pleadings, the court finds no issue was raised requiring the court to determine the true cash value of the property.