# IN THE OREGON TAX COURT

ROBERTS et al
*v.*
## DEPARTMENT OF REVENUE
(TC 2567)

David E. Carmichael, Eugene, represented plaintiffs.

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered May 6, 1987.

**CARL N. BYERS, Judge.**

This matter is before the court on defendant's motion to dismiss plaintiffs' complaint, with prejudice, for failure to state a claim.

Plaintiffs seek to appeal the assessed value of their property. It appears from plaintiffs' complaint that they failed to appeal to the board of equalization as required by statute and sought relief directly from the Department of Revenue. The department denied plaintiffs relief on the grounds that they failed to show good and sufficient cause for failing to seek review before the county board of equalization and because the alleged error in valuation did not constitute a gross error as defined by the department's administrative rule. Plaintiffs'

memorandum in opposition to defendant's motion contends that the rule violates legislative intent.

Oregon's statutes provide an administrative procedure for taxpayers to challenge the assessed value of their property. ORS 309.100. Taxpayers have the responsibility to be aware of these procedures and to comply with them. The need for uniformity and certainty in administering the tax laws is strong, so much so that even when the statutes provide that notice is to be given to a taxpayer, failure to receive that notice does not extend the time to appeal. *Larson v. Dept. of Rev.,* 6 OTR 454 (1976). This court has previously noted that:

> "Error is human. Everyone knows that governmental officers, agents and employees are capable of error. The prudent taxpayer does not take official conclusions as to tax values on faith." *Rosboro Lbr. Co. v. Heine, et al,* 8 OTR 221, 225 (1979).

The responsibility of the taxpayer to acquire knowledge of the facts and laws is a fundamental assumption upon which the laws operate.

Probably in recognition of the foibles of human nature, the legislature has provided a means to rescue the taxpayer who has failed to comply with the regular administrative procedures. Specifically, the department may exercise jurisdiction (within limits) if the department "determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal." ORS 306.115(3)(a). In this case, plaintiffs have not alleged any reason for failing to pursue their statutory right of appeal.

Subsection (b) of ORS 306.115(3) also authorizes the department to correct or change an assessment if "[t]he department discovers reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal."

In implementing this statute and the discretion delegated to it by the legislature, the department has adopted OAR 150-306.115. That rule indicates that the department will correct or conform the roll under ORS 306.115(3)(b) under three circumstances: (1) when it is likely that a gross error in value exists, (2) when there is an extraordinary circumstance surrounding the assessment and taxation of the property or (3) when the parties to the appeal agree to facts

which indicate an error exists on the roll. Plaintiffs' complaint addresses only the first circumstance.

■ In determining what constitutes a "gross error," the department has adopted the following standard:

> "A claim of a gross error exists if the difference between the requested value and the true cash value on the roll is greater than or equal to thirty (30) percent of the true cash value on the roll." OAR 150-306.115(3)(b)(A)(ii).

Plaintiffs' complaint alleges values which constitute only 26 percent and 25 percent differences, thereby failing to reach the 30 percent standard of the administrative rule. Plaintiffs contend that such standard violates the intent of the legislature in adopting ORS 306.115. Plaintiffs point to Senate Bill 275, passed by the 1987 Senate on March 12, 1987, but not yet enacted into law, as evidence of legislative intent. As defendant points out, proposed legislation cannot be accepted as evidence of legislative intent.

The court has previously considered the reasonableness of the 30 percent gross error standard as adopted by defendant. The court is aware that establishing a value for a property is not an exact science and that in fact value can be properly thought of as a range as opposed to a specific number.

■ "As has often been said, 'true cash value' is a range of value, rather than an absolute. Although not a rule of law, it is generally accepted that appraisers will be deemed equally competent and their testimony useful if, acting independently, they come within 10 percent of each other in the ordinary case." *Price v. Dept. of Rev.*, 7 OTR 18, 25 (1977.)

If value estimates that are 10 percent apart are deemed "equally competent," then it would seem that a difference of 20 percent may be considered an error and 30 percent a "gross error." Accordingly, this court has previously upheld the department's administrative rule as a valid exercise of its discretion. *Diller v. Dept. of Rev.*, slip op (No. 2402, July 11, 1986).

It should also be noted that the defendant, in adopting the 30 percent gross error standard, is obligated to keep in mind the necessity of insuring the viability of the statutory appeal process. If the department lowers the standard for cases in which it will exercise its supervisory authority, it is

certain that human nature will respond with diminished interest in the statutory appeal procedures and greater reliance on the department's supervisory power. For these reasons, it appears to the court that defendant's motion must be granted. Now, therefore,

IT IS ORDERED that plaintiffs' complaint be, and hereby is, dismissed, with prejudice. Costs to defendant.