## IN THE OREGON TAX COURT

### WESTLAKE HOMEOWNERS ASSOCIATION
*v.*
### CLACKAMAS COUNTY BOARD OF COUNTY COMMISSIONERS

(TC 2466)

S. Ward Greene and Michael G. Magnus, Greene & Markley, Portland, represented plaintiff.

Michael E. Judd, Chief Assistant County Counsel, Clackamas County, Oregon City, represented defendant.

Decision for defendant rendered December 7, 1988.

**CARL N. BYERS, Judge.**

Plaintiff appeals under ORS 307.115 from an order of the Board of County Commissioners of Clackamas County

denying plaintiff's application for property tax exemption. A recounting of the extensive facts is necessary for a clear understanding of the issues to be decided by the court.

The subject property consists of a 17-acre tract located within the Westlake/Kruse Oaks Planned Unit Development in Lake Oswego. The plan for development was approved with many conditions and restrictions. One condition required specific areas of open space, including the 17-acre tract. The subject is viewed as more than just open space in that it contains a somewhat rare trillium bog that is to be preserved for environmental reasons. Consistent with the plan, the property was conveyed on July 7, 1983, to plaintiff on condition that it be used "for a park or other public purposes." Upon transfer, the assessor's office erroneously assumed that the plats for the surrounding lots were also recorded and removed the property from the tax rolls. All of the plats were not recorded until November 1984. In September 1984 the assessor discovered that some of the lot plats had not been filed. He then issued an omitted property notice of intent to place the property on the rolls. Although the property had been off the property tax rolls for two years at that point, the notice only identified the 1984-85 tax year. Despite the deficiency in the notice, a tax statement for the 1983-84 year was sent to plaintiff's predecessor in interest.

In response to the omitted property notice plaintiff took two steps: On October 23, 1984, plaintiff petitioned the Board of County Commissioners for property tax exemption. On December 10, 1984, plaintiff petitioned the Department of Revenue for a determination that the property should be removed from the tax rolls or held to have a zero value. Neither of these two separate courses of action brought plaintiff any relief.

■■ Plaintiff's petition to the Board of County Commissioners requested exemption under ORS 307.115. That lengthy statute provides for a tax exemption for property owned by a nonprofit corporation which is "organized for the principal purpose of acquiring interest in land for development for public parks or public recreation purposes" and the real property is so held for those purposes. In order to obtain the exemption, an application must be made before April 1 to the county assessor. Within ten days thereafter, 'the assessor

is to refer the application to the governing body of the county, which is to act on the application within 60 days. Subsection (5) of the statute provides:

"Any nonprofit corporation aggrieved by the refusal of the granting authority to grant or renew an exemption under subsection (4) of this section may, within 60 days after written notice has been sent to the corporation, appeal from the determination of the granting authority to the Oregon Tax Court."

In this case, the assessor failed to forward the application by plaintiff within the 10 days required by the statute. Upon inquiry by plaintiff in 1985, the assessor responded that the application had been "mislaid." The assessor found the application and forwarded it to the county commissioners by July 31, 1985. However, the Board of County Commissioners failed to act within the 60 days and did not issue an order until April 9, 1986.

The Board of County Commissioners denied the exemption because plaintiff failed to qualify under ORS 307.115(2)(a) as a corporation "organized for the principal purpose of acquiring interest in land for development for public parks or public recreation purposes." The court has examined plaintiff's articles of incorporation and finds that they do not comply with the requirements of the statute. At trial, the individual responsible for forming plaintiff testified that the corporation was organized for the specific purpose of receiving title to the 17 acres. This testimony cannot upend the document itself. If the intent was as the witness testified, it should have been so expressed in writing. As written, the document does not qualify.

Defendant points out that plaintiff also fails to qualify under subsection (2)(c) of the statute which requires:

"Upon liquidation, the assets of the corporation shall be applied first in payment of all outstanding obligations, and the balance remaining, if any, in cash and in kind, shall be distributed to the State of Oregon or to one or more of its political subdivisions for public parks or public recreation purposes."

Defendant is correct. Plaintiff's articles provide that in the event of dissolution, an unincorporated association is to succeed to the property with the same powers and governing rules as applied to the corporation. The court, therefore, must

find that the Board of County Commissioner's order denying exemption to plaintiff must be affirmed.

Meanwhile, "back-at the ranch," on October 15, 1985, the Department of Revenue issued a "Preliminary Ruling" in response to plaintiff's petition. The ruling anticipated a hearing to determine whether the subject property was exempt and, if not, its true cash value. On October 29, 1985, Clackamas County Counsel wrote to the Department of Revenue, pointing out that the department's intent to rule on the exemption left the county in a "quandry." The county requested the department to reconsider its position. On November 15, 1985, the department wrote to plaintiff asking if plaintiff would object to amending the preliminary ruling. Plaintiff responded by letter dated November 21, 1985, stating that if both the assessed value and the exemption could be considered by the Board of County Commissioners, it agreed with the proposal. Plaintiff also stated that:

> "I assume that our agreement to this procedure will not waive or prejudice any appeal rights that belong to the Homeowners Association. If this is incorrect, please let me know."

No further action was taken by the department until two months after the Board of County Commissioners denied plaintiff's exemption under ORS 307.115. At that point, the department issued its Opinion and Order dated June 23, 1986, erroneously finding:

> "[T]his request for alternative relief to simply be another method of seeking exempt status under ORS 307.115. The Department of Revenue is without jurisdiction to consider this matter further."

The Opinion and Order had the usual notice at the bottom that if the petitioner was dissatisfied with the order, it must appeal to the Tax Court within 60 days. Plaintiff did not appeal. In the absence of an appeal, this court is without jurisdiction to consider any issue or contention arising from the Department of Revenue's actions.

Plaintiff's plight begs for relief because it is clear that the property is without any market value. However, the court is unwilling to add another error to the many already accumulated in this matter. Plaintiff's representatives claim that they were misled and confused by errors and representations of the

governmental agencies. There may be some basis for this claim in the record. However, if plaintiff is to claim estoppel it must plead as well as prove the necessary elements.

> "A party asserting estoppel must plead facts giving rise to the claim of estoppel which demonstrate why the opposing party should not be permitted to avail itself of a particular position. This includes the behavior relied upon, reasonable reliance on the pleading party's part and a resulting change in position." *Hess v. Seeger,* 55 Or App 746, 760, 641 P2d 23 (1982).

Plaintiff has neither pled nor proved the necessary elements.

Plaintiff failed to use the statutes which provided remedies to it at various points in the process. For example, the assessor clearly erred in asserting taxes due for 1983-84 when the notice for omitted property only pertained to the 1984-85 tax year. Seeing this error, plaintiff claims that it was a bona fide purchaser and under ORS 311.220 took the property free of any tax lien. Plaintiff may have been correct at one time. However, when plaintiff paid "all back taxes" in order to have its plat recorded in November 1984, it eliminated the lien issue. Plaintiff contends that it paid the taxes "under duress" and "under protest." Neither of these conditions are accorded any significance by the statutes. What ORS 305.275 does expressly provide is that:

> "(1)   Any person aggrieved by an act or omission of:
>
> "* * * * *
>
> "(c)   A county assessor, * * *
>
> "* * * * *
>
> "which affects his property and for which there is no other statutory right of appeal, may appeal to the Director of the Department of Revenue in the manner provided by this section." (ORS 305.275(1).)

Plaintiff did not use this statute.

Order No. 86-338 of the Board of County Commissioners for Clackamas County must be affirmed. Judgment will be entered consistent with this opinion. Defendant Clackamas County Board of County Commissioners shall recover its costs and disbursements incurred herein.