# IN THE OREGON TAX COURT

## SOUTHERN OREGON DRYDOCK, INC.
*v.*
## DEPARTMENT OF REVENUE
(TC 3211)

Steven L. Wilgers, Joelson, Gould, Wilgers and Dorsey, P.C., Coos Bay, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Motions for Summary Judgment denied and remanded December 9, 1992.

**CARL N. BYERS, Judge.**

This matter is before the court on cross Motions for Summary Judgment. The relevant facts are not disputed.

Plaintiff utilizes a 1,000-ton floating dry dock owned by the Port of Coos Bay. For tax years 1984-85 through 1987-88 the property was exempt from property taxation under ORS 307.120. However, under that statute, plaintiff paid an in lieu of tax.

Prior to amendment in 1987, ORS 307.120(2)(b) required the assessor to appraise the property before April 1 of each year and notify the person in possession of the assessed value and the amount of the in lieu of taxes due.[1] The amendment imposed a new requirement on the user of the property. The relevant portions of ORS 307.120 (1987 Replacement Part) state:

"(3)(a)   On or before December 31 preceding any year for which a lease, sublease, rental or preferential assignment or other possessory interest in property is to be held, or within 30 days after acquisition of such an interest, whichever is later, any person described in subsection (2) of this section shall file with the county assessor a request for appraisal and computation of the payment in lieu of tax for the exempt property in which the person has a possessory interest. The person shall also provide any information necessary to complete the appraisal of the property that may be requested by the assessor. The request shall be made on a form prescribed by the Department of Revenue.

"* * * * *

"(4)(a)   If a person * * * fails to request an appraisal or make payment in lieu of taxes as provided in this section, the property shall not be exempt for the assessment year but

---

[1] ORS 307.120(2)(b) (1985 Replacement Part) stated as follows:

"On or before April 1 of each assessment year the county assessor shall appraise the property subject to paragraph (a) of this subsection and shall notify each person described in paragraph (a) of this subsection:

"(A)  That the person is required to pay the amount in lieu of taxes to the county treasurer on behalf of the school district;

"(B)  Of the true cash value of the property subject to the payment in lieu of taxes; and

"(C)  Of the amount due, the due date of the payment in lieu of taxes and of the consequences of late payment or nonpayment."

shall be assessed and taxed as other property similarly situated is assessed and taxed.''

These amendments became effective September 27, 1987, approximately three months before the December 31 deadline for filing a request.

The 1987 legislature also imposed a duty on each municipality, dock commission or port, to notify the person or entity using its property of the requirement to file the request. ORS 307.120(6)(a). However, the statute also states:

"Failure of a municipality, dock commission or port to give the notice as prescribed under this subsection shall not relieve any person from the requirements of this section." ORS 307.120(6)(b).

For reasons unexplained, both the county assessor and plaintiff were unaware of the changes in the law. Also, the Port of Coos Bay apparently did not notify plaintiff as required by the statute. Consistent with past practices, the assessor mailed a notice to plaintiff on April 1, 1988. This notice was given "in accordance with ORS 307.120(2)(b)" (the 1985 law) notifying plaintiff that the assessed value of the property was $600,000 and the amount of the in lieu of tax due was $1,500. Plaintiff paid the $1,500 in lieu of tax on April 4, 1988.

Over one year later, in September, 1990, the assessor sent plaintiff notice of intent to correct a clerical error under ORS 311.206. The notice indicated that since plaintiff had not filed the request as required by ORS 307.120(3)(a), the subject property was no longer exempt and plaintiff must pay the full ad valorem tax. The amount of the tax assessed was $17,701.56.[2] Plaintiff appealed to defendant. Defendant denied plaintiff's appeal.

■       In its motion for summary judgment, plaintiff asserts the tax authorities should be estopped from revoking its property tax exemption. The court finds major flaws in plaintiff's position. Plaintiff's complaint does not plead or allege the elements of estoppel as required. To recover under a theory of equitable estoppel, plaintiff must plead and prove

---

[2] Curiously, the assessor did not appear to give plaintiff any credit for the $1,500 paid in lieu of taxes.

the basic elements. *Reed v. Commercial Ins. Co.*, 248 Or 152, 155, 432 P2d 691 (1967). *See also Westlake Homeowners Assoc. v. Clackamas County*, 11 OTR 108, 112 (1988), and *Jeld-Wen v. Dept. of Rev.*, 5 OTR 358, 362 (1973).

▪ Plaintiff concedes it did not file the required request for appraisal by December 31, 1987, because it was not aware of the requirement. With this admission, there could be no detrimental reliance. It appears that plaintiff's only reliance was in assuming the law had not changed. If so, the "prior course of conduct" which plaintiff contends established a pattern was simply the legislatively prescribed procedures. Estoppel cannot be applied to stay the legislature from changing a law until all affected citizens are notified.

▪ Finally, plaintiff ignores perhaps the most salient point: the legislature was aware that users like plaintiff might not be aware of the requirement to file the request. Nevertheless, the legislature made it abundantly clear that failure to learn of the requirement did not relieve the individual of the obligation. It is noteworthy that, while municipalities, dock commissions and ports are expressly required to give the statutory notice, there is no penalty imposed if they fail to do so.

▪ The court finds only one of plaintiff's arguments has merit. Plaintiff argues that the timing of the assessor's correction deprived it of the opportunity to appeal for hardship relief under ORS 307.475. When the assessor gave plaintiff notice on April 1, 1988, he affirmatively misled plaintiff into believing plaintiff still qualified for the exemption. The assessor did not correct the situation until after it was too late for plaintiff to apply for hardship relief under ORS 307.475. Under these circumstances, it would be inequitable to deny plaintiff an opportunity to seek hardship relief. *See Liquid Air Inc. v. Dept. of Rev.*, 8 OTR 159 (1979). This issue was not addressed by defendant in its opinion and order. Under the circumstances, plaintiff may be able to show "good and sufficient cause" for failing to make a timely request. For example, plaintiff argues that the forms mandated by the statute were not available by December 31, 1987. Likewise, if defendant determines that the assessor was unaware of the amendments to the law, then it may determine that the

timing of the legislation and the absence of notice may justify relief under ORS 307.475. Now, therefore,

IT IS ORDERED that plaintiff's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that defendant's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that Judgment of Remand shall be entered remanding this matter to the Department of Revenue for further action consistent with this Order.