DECISION
Plaintiff has appealed Defendant's determination to remove the property tax exemption for its farm labor camp for the 2007-08 tax year. The April 10, 2008, case management conference was converted to a trial at the request of the parties. Plaintiff was represented by Gary Young. Also appearing for Plaintiff was Ruby Mason, Executive Director, Mid-Columbia Housing Authority. Defendant was represented by Sandra Berry, County Assessor, Hood River County.
 I. STATEMENT OF FACTS
The subject property is identified in the assessors records as Account 10841. The property is, and has been, used for farm labor housing. It has, for many years, benefitted from the farm labor camp exemption provided in ORS 307.485.[1] The annual application required by the statute was, for perhaps the last eight years, filed by the Executive Director, Richard Sassara (Sassara). The application was always filed timely in the past. However, no application was filed in 2007.
Defendant sent Plaintiff a letter dated October 18, 2007, and directed to Sassara, indicating that it had no record of an application having been filed and that, as a result, Defendant *Page 2 
was "removing the property tax exemption from the above referenced account." The letter went on to state that "[t]he account will be assessable and taxable for the 2007-08 tax year. You will be receiving a letter of correction with the taxable value and tax amount in the next few weeks." (Def's Ltr, Oct 18, 2007.) The letter also stated that Plaintiff could phone the assessor if there were any questions, and that Plaintiff could file an appeal with the Tax Court if it disagreed with the decision to tax the property. About six weeks later, Defendant sent Plaintiff a letter dated November 27, 2007, notifying Plaintiff that the tax rolls for the 2007-08 tax year were being corrected to add the value of the property to the rolls, and that the resulting tax would be $23,447.90. Plaintiff did not contact Defendant in response to either letter until some time in December 2007. That contact was made by Sassara's administrative assistant, who had only recently discovered that the exemption application had not been filed and that the property would be subject to assessment and taxation. Meanwhile, Sassara was let go at the end of November 2007.
 II. ANALYSIS
ORS 307.485 provides that, "[s]ubject to ORS 307.490 and 307.495, there shall be exempt from taxation the assessed value of all real and personal property of an eligible farm labor camp, or an eligible child care facility." Defendant agrees that the subject property qualifies for exemption in all respects except for the requirement that the nonprofit corporation claiming the exemption file an application each year on or before April 1. Defendant asserts that there is no provision allowing for a late application and, as no application was filed, the exemption cannot be allowed. The court agrees. The annual application is mandatory. *Page 3 
ORS 307.495 provides:
 "(1) Each nonprofit corporation claiming exemption under ORS 307.485 shall file with the county assessor a written claim therefor in five copies on or before April 1 of each assessment year for which the exemption is claimed, except that when the property designated is acquired after March 1 and before July 1, the claim shall be filed within 30 days after acquisition."
(Emphasis added.)
Plaintiff missed the April 1 deadline. In fact, Plaintiff never filed an application in 2007. That flaw is fatal and cannot be overlooked by the court. ORS 307.495(3) provides:
 "No exemption shall be allowed for any year subsequent to the first unless the corporation submits to the assessor details as to the rentals for the prior year and proof that the payments required by ORS 307.490 have been made."
(Emphasis added.)
Rental information is required because the nonprofit corporation qualifying for exemption must make in lieu tax payments per ORS 307.490. Under ORS 307.490, those in lieu payments are calculated as a percentage of "rentals," which are defined in ORS 307.480(5) as net income less allowed costs. That information is provided by the claimant each year as part of the annual application process. Plaintiff did not submit an application, nor did it provide the rental information and proof of payments. Under those circumstances, the exemption cannot be allowed, and Defendant acted appropriately by placing the property on the assessment and tax rolls for the 2007-08 tax year.
The result may seem harsh, but this court previously upheld the taxation of similar qualifying property where the application was filed just one day late. Housing Development Corp. v. Washington CountyAssessor, TC-MD 021002A (Control), WL 32105757 (Nov 12, 2002). In reaching its decision, the court in Housing Development Corp. noted the importance of *Page 4 
complying with filing deadlines by quoting an earlier Tax Court decision, Stone v. Department of Revenue, 5 OTR 503, 506-507 (1974). The taxpayer in Stone hand-delivered a claim for homeowner's property tax relief benefits one day late. Id. at 504-05. Stone allegedly completed the claim form on the applicable filing deadline but hand-delivered the form the following day. The claim would have been timely "filed" if it had been postmarked on the filing deadline. The Stone court stated:
 "Experience has proved the efficacy of clearly stated due dates for filing items important in the administration of laws. * * * It is ironic that, under the statute, a 1972 claim mailed on April 16, 1973, is timely, although received by the tax administrator on April 17 or even later, but a claim hand delivered to the department on April 17 is too late to give it jurisdiction to act thereon.
 "Why must this be? Why should relief be denied the well-intentioned taxpayer whose affairs precipitate him into crisis of time? It seems that the law, formulated by human beings, must ever be imperfect. It is not able to provide a formula to compensate for the infinite variations in human fallibility. The law's administrator, whose chief protection is found in non-discriminatory application of the legislature's requirements, does not dare to deviate from the dictates of the statutes. If he allows one taxpayer an extra day, he logically must accept all other's on an equal basis. And if one day can be granted, why not two or three? Soon the law is eroded and uncertain and administrative feasibility is impaired. The most perfect justice is found in determining the rule to be followed and adhering to it. It then becomes known to all, its seeming intricacies are untangled, and it is soon accepted as a matter of course by the citizen."
Id. at 506-07.
Here, the deadline was not merely missed by a few days, which under existing precedent and applicable statutory provisions, would nonetheless have mandated denial. Rather, the claim was never filed.
The court is not unsympathetic to Plaintiff's plight. However, the court is bound to uphold the law, not write it. Moreover, the court lacks any discretionary authority to waive the filing requirement, where it is inclined to do so. The court acknowledges the good work in which *Page 5 
Plaintiff is involved by providing housing to agricultural workers, and accepts Plaintiff's contention that it cannot afford the taxes. The court understands that Plaintiff has a good history of timely filing the application for many years. However, none of those factors are relevant under the statute.
The asserted negligence of the former Executive Director in not filing the application in 2007, dictates the outcome, and the problems Sassara was experiencing in his personal life cannot be considered by the court. There was the possibility of relief under ORS 307.475, had Plaintiff filed a request for hardship relief with the director of the Oregon Department of Revenue no later than December 15, 2007. At least the director could have considered the underlying circumstances that caused Plaintiff to not file the 2007 application and, if found to meet the statutory requirements, could have made a recommendation to the assessor that the exemption be allowed. Plaintiff, however, failed to avail itself of that process as well.
 III. CONCLUSION
On the evidence before it, the court concludes that Plaintiff is not entitled to the farm labor camp exemption provided in ORS 307.485, because Plaintiff did not file the annual written claim required by ORS307.495(1), nor did it provide the other information required by subsection (3) of that statute. There is no provision in the law for the court to allow the exemption where the application is not filed, notwithstanding the good work done by the organization, the benefit it provides to the community, and the hardship that will result from the denial of the exemption. Accordingly, Plaintiff's appeal must be denied. Now, therefore, *Page 6 
IT IS THE DECISION OF THIS COURT that Plaintiff's request that the court allow it to file a late application for exemption, grant the exemption, and reduce or eliminate the property taxes, is denied.
Dated this _____ day of May 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on May 8, 2008.The Court filed and entered this document on May 8, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1