Argued November 6, affirmed December 29, 1972

## GEORGIA-PACIFIC CORPORATION, *Appellant,* v. DEPARTMENT OF REVENUE, *Respondent.*

504 P2d 704

*John B. Crowell, Jr.,* Portland, argued the cause for appellant. With him on the briefs was Hugh K. Cole, Jr., Portland.

*Donald C. Seymour,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Theodore W. deLooze, Assistant Attorney General, Salem.

HOWELL, J.

This is an appeal by plaintiff from a decree of the Tax Court denying plaintiff's claim for an exemption from real property taxes for the year 1970. We affirm.

The sole question presented is whether plaintiff is entitled to an exemption from ad valorem taxes for a building under construction on January 1, 1970, when the plaintiff had requested and received the exemption for the tax years 1968 and 1969.

The applicable statute ORS 307.330, allowing a two-year tax exemption for commercial facilities under construction, states, in pertinent part:

"307.330 Commercial facilities under construction. (1) Except for property centrally assessed by the Department of Revenue, each new building or structure or addition to an existing building or structure is exempt from taxation for each year of not more than two consecutive years if the building, structure or addition:

"(a) Is in the process of construction on January 1;

"(b) Is not in use or occupancy on January 1;

"(c) Has not been in use or occupancy at any time prior to such January 1 date;

"(d) Is being constructed in furtherance of the production of income; and

"(e) Is, in the case of nonmanufacturing facilities, to be first used or occupied not less than one year from the time construction commences. Construction shall not be deemed to have commenced until after demolition, if any, is completed."

Under ORS 307.340 the assessor is required to first list the property for assessment and then cancel the assessment upon proof filed by the taxpayer before April 1 of the tax year that the property meets the necessary qualifications set forth in ORS 307.330.

The facts in the instant case are undisputed. The plaintiff started construction of its Georgia-Pacific building in Portland in July 1967. On the assessment day, January 1, 1968, the assessed value of the structure was $350,000. Before April 1, 1968, plaintiff applied for and received the exemption allowed by the statute. On January 1, 1969, the assessed value of the building was $4,000,000, and again plaintiff received the exemption. Adverse weather conditions affected the progress of the construction, and the building was not completed by the assessment day of January 1, 1970. At that time the assessed value of the building was $13,500,000. In November 1969 the plaintiff tendered the 1968 tax and interest and requested that the election to claim the 1968 exemption be revoked, but the Multnomah County Director of Assessment and Taxation refused the tender. Plaintiff's requested exemption for 1970 was denied on the ground that plaintiff had already received the exemption for the two consecutive years allowed by the statute. The denial was affirmed by the Department of Revenue and the Tax Court, and plaintiff appeals.

The Tax Court denied plaintiff's claim for a revocation of the 1968 exemption and plaintiff's request for a 1970 exemption on the grounds that the County Director of Assessment and Taxation had no authority to change the 1968 roll, and that as plaintiff had made the selection to receive the 1968 exemption such selection was binding on plaintiff.

It is not necessary for us to consider whether the doctrine of election of remedies applies in this situation and whether the County Director has authority at this time to change the 1968 roll.

The threshold question is whether the exemp-

tion from taxation "for each year of not more than two consecutive years" under the statute allows the plaintiff to revoke its claimed exemption for 1968 and receive it for 1970.

There is nothing in the legislative history of ORS 307.330 that casts any light on whether or not the legislature intended that a taxpayer should be allowed to revoke an exemption once requested and allowed to substitute therefor a subsequent year. An examination of the minutes of some of the legislative hearings discloses only that the purpose of the construction exemption was to encourage new industry to come to this state.[1]

Plaintiff argues that the legislature has not specified which two years would govern the claimed exemption because the legislature "knew construction periods for different types of buildings would vary widely in duration."

We agree that the legislature must have considered the fact that major construction could be ongoing over a period of several years. However, the terms of the statute are clear that the exemption is restricted to "not more than two consecutive years," regardless of the length of time of construction. Obviously, the legislature could have restricted the exemption to one year, extended it without restriction to the total length of construction, or allowed the taxpayer to choose the period of exemption based on subsequent events, as plaintiff attempts in the instant case. If the legislature had contemplated the latter, it would have made provision for the withdrawal of the first request for an exemption. This it did not do. The legislature

---

[1] Hearings on House Bill 368 before Senate Committee on Taxation, 50th Legislative Assembly, April 2, 1959.

saw fit to allow the exemption for not more than two consecutive years. The two consecutive years were selected by plaintiff in 1968 when it claimed its first exemption.

There is another important reason why the statute should not be construed to allow the taxpayer to claim the exemption for two consecutive years and then revoke the claim and seek exemption for a different two consecutive years. The efficient administration of laws relating to the assessment and collection of taxes and finality in a determination of the amounts to be paid and received are equally important to the taxing authority and the taxpayer. Whenever an exemption is allowed and the property removed from the assessment roll, the burden is shifted to other taxpayers. In the instant case, when the exemption was allowed in 1968, $350,000 true cash value of property was not subject to real property taxes. It is true that if the 1968 tax plus interest had been accepted by the Director of Assessment and Taxation, it would have been paid into the treasury which would theoretically result in a reduction of the amount required to be collected in 1970. Under these circumstances, the result could have been adverse to a taxpayer whose taxes were increased in 1968 when the plaintiff received the first exemption and the taxpayer's property sold before 1970 when plaintiff offered to repay the 1968 taxes.

We believe that the legislature, in enacting ORS 307.330, did not intend to allow a taxpayer, once having selected the two consecutive years for the exemption, to revoke his selection and secure the exemption for different consecutive years.

Affirmed.