IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| RIPDEEP MANGAT and HARLEEN MANGAT, | ) ) ) | |
| Plaintiffs, | ) | TC-MD 200046N |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon | ) ) ) | |
| Defendant. | ) ) | **DISPOSITIVE ORDER** |

This matter came before the court on the parties' stipulated facts and written arguments. Plaintiffs appeal Defendant's Proposed Refund Adjustment and Written Objection Determination denying the Pass-Through Entity (PTE) election calculation on their amended 2015 tax return.

## I. STATEMENT OF FACTS

The parties stipulated to the following facts. On October 3, 2016, Plaintiffs mailed their 2015 Oregon tax return to Defendant, and Defendant processed Plaintiffs' return on October 6, 2016. (Am Stip Facts at ¶1.) Plaintiffs did not select the PTE election on that return. (*Id.*) On October 5, 2019, Plaintiffs mailed an amended 2015 Oregon tax return to Defendant; Defendant processed Plaintiffs' return on October 7, 2019. (*Id.* at ¶2.) Plaintiffs' amended return selected the PTE election on Line 22. (*Id.*)

Defendant mailed a Notice of Proposed Refund Adjustment to Plaintiffs on October 24, 2019, denying Plaintiffs' PTE tax rate election. (Ex C.) Plaintiffs sent a Written Objection to Defendant contending that they were entitled to amend their return to claim the PTE tax rate based on the three-year statute of limitation. (*See* Ex D). In its Written Objection Determination, dated December 2, 2019, Defendant denied Plaintiffs' Written Objection because

/ / /

the election was irrevocable and must have been claimed on the original return citing ORS 316.043(5). (Ex E.)

## II. ANALYSIS

The issue is whether Plaintiffs may elect the PTE tax rate on their amended 2015 return under ORS 316.043(5).[1] Plaintiffs bear the burden of proof and must establish their case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990).

Under ORS 316.043, taxpayers with PTE income meeting certain criteria may elect a reduced tax rate calculation. Defendant does not dispute that Plaintiffs are otherwise qualified to make the election under ORS 316.043(6). The parties' dispute pertains to the limitation found in ORS 316.043(5), which states that the PTE election "shall be irrevocable and shall be made on the taxpayer's original return."[2] This court has determined the meaning of "original return" in ORS 316.043(5) in previous cases. *Compare Ivelia v. Dept. of Rev.*, TC-MD 180054R, 2018 WL 6650859 *4 (Or Tax M Div Dec 18, 2018) (holding that an "amended return filed before the due date [for filing an original return under ORS 314.385], including extensions, replaces or supplements the originally filed return becoming part of the original return"); *with Ruden v. Dept. of Rev.*, TC-MD 190039R, 2019 WL 6836019 (Or Tax M Div Jul 30, 2019) (holding that an amended return filed after the due date contained in ORS 314.385, without extension, is not

/ / /

---

[1] The court's reference to the Oregon Revised Statutes are to 2015.

[2] Defendant may prescribe by rule the time and manner by which a taxpayer shall file its election, but Defendant has not promulgated any such rule. *See* ORS 316.043(5); ORS 316.462.

included in the original return). For the reasons set forth below, Plaintiffs' amended return does not constitute an "original return" under ORS 316.043(5).

The facts presented in this case are distinguishable from *Ivelia*. In *Ivelia*, the taxpayers received an extension for their 2016 Oregon tax return that allowed them to file their return by October 18, 2017. 2018 WL 6650859 *1. The taxpayers filed their return on September 20, 2017, without claiming the PTE election. Then, on October 17, 2017, the taxpayers filed an amended return, claiming the PTE election. *Id.* The court held that an amended return filed *before the original filing deadline* supersedes the original return and becomes original. *Id.* at *4. *Ivelia* presents a narrow exception to the text of the statute which provides the PTE election, once made, is irrevocable. Unlike in *Ivelia*, Plaintiffs' amended return was filed well after the original deadline for filing returns.[3]

This case resembles the facts presented in *Ruden*. In *Ruden*, the taxpayers filed their 2017 Oregon tax return without claiming the PTE election. *Id.* at *1. The taxpayers then filed an amended 2017 Oregon tax return *after the filing deadline*, claiming the PTE election. *Id.* Because they did not file an extension, their failure to claim the PTE election on their original return became irrevocable. *Id.* at *2. Like the taxpayers in *Ruden*, Plaintiffs failed to claim the PTE election on an "original return" filed before the deadline.

Plaintiffs argue that Defendant should nevertheless allow them to correct their PTE election because they filed their amended return within "the three year statute of limitations." (Compl at 3.) Plaintiffs did not cite any authority concerning the three-year statute of limitation,

---

[3] "For purposes of ORS chapter 316, returns shall be filed with the Department of Revenue on or before the due date of the corresponding federal return for the tax year as prescribed under the Internal Revenue Code and the regulations adopted pursuant thereto." ORS 314.385(1)(a). The corresponding federal return is generally due April 15 following the close of the calendar year for returns made on that basis. *See* IRC § 6072(a).

but presumably refer to the time in which Defendant may allow or make a refund. *See* ORS 314.415(2)(a) (prohibiting Defendant from allowing or making a refund after three years from the time the return was filed or two years from the time the tax was paid, whichever is later). That statute would not generally preclude Defendant from allowing a refund. Amended returns may be filed and in some circumstances are required to be filed. *See* ORS 314.380 (requiring taxpayers to amend return within 90 days after change or correction made by IRS or taxing authority of another state). Likewise, Defendant is generally allowed to make a refund where taxpayer files an "amended report or return showing a refund due." ORS 305.270 (authorizing Defendant to refund the amount requested, adjust refund or find a deficiency). However, the fact that, in general, amended returns and refunds are permitted within the period specified in ORS 314.415(2), has no bearing on the specific irrevocable election at issue here, or the requirement to claim the PTE election on an "original return." Plaintiffs' amended return is ineffective to change the election because it was not filed on their original return. Once made, the election is irrevocable.

Plaintiffs argue that *Lucas v. Sterling Oil & Gas Co.*, 62 F2d 951 (6th Cir 1993) provides authority to correct the PTE election on an amended return. (Compl at 4.) Plaintiffs maintain that *Lucas* stands for the proposition that taxpayers "should have the right to correct their position regarding elections as long as it is within the statute of limitations." (*Id.*) *Lucas* involved an election permitted under federal regulation concerning whether certain expenditures were treated as ordinary or capital, and the manner of making the election was not specified.[4] 62

---

[4] "Regulations issued by the Treasury Department, article 223 of Regulations 45, gave the taxpayer, under the Revenue Act of 1918, the option of charging certain expenditures in connection with oil and gas wells to capital or treating them as operating expenses. *The manner in which the election was to be made was not specified*, but once made, it was to control for all subsequent years." *Lucas*, 62 F2d at 951 (emphasis added).

F2d at 951. In allowing the taxpayer in *Lucas* to amend the election, the court noted that the election was binding upon all future returns and so should be made deliberately and "based upon knowledge of all the material facts." *Id.* at 952. Here, the election at issue involves a different context[5] – a state tax rate – and, although irrevocable for the tax year, is not binding upon future years.[6] Moreover, unlike in *Lucas*, ORS 316.043(5) specifies the time and manner in which the taxpayer must make the PTE election – on the original return.

Plaintiffs assert that they were unaware of the PTE election rate and thus "there was no affirmative 'election' made * * *." (Compl at 3.) Oregon courts have long held that "[a]n oversight, an error of judgment, or unawareness of tax consequences does not lessen the binding character of an election." *Georgia-Pac. Corp. v. Dep't of Revenue*, 5 OTR 33, 38 *aff'd*, 264 Or 260, 504 P2d 704 (1972) (citing Jacob Mertens, Jr, 10 *Mertens Law of Federal Income Taxation* § 60: 30 (rev 2020) ("[n]o relief will be granted where the mistake is one of law")). Plaintiffs' argument that no election was made because they "were [not] aware of the election" is unavailing.

## III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiffs' amended 2015 return, submitted well after the original filing deadline, was not an "original return" within the meaning of ORS 316.043(5). Accordingly, Plaintiffs' decision not to elect the PTE tax rate is irrevocable and Plaintiff's appeal must be denied. Now, therefore,

/ / /

---

[5] *See Crystal Comm'n v. Dept. of Rev.*, 19 OTR 524, 535-36 (2008) (declining to rely on the federal definition of "trade or business" because "the income measurement process, which is linked to the [IRC], is not a 'comparable context' to that of the sourcing process").

[6] *See* ORS 316.043(5) (requiring the election to be made on a form filed *for the tax year*).

IT IS ORDERED that Plaintiffs' appeal is denied.

Dated this ___day of September 2020.


_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE


*This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved.  See TCR-MD 19.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on September 16, 2020.*